## WEATHERSBY *v.* JORDAN.

CANDLER, J. 1. A judge of the superior court, in passing on a certiorari, where questions of fact are involved and the evidence is conflicting, has a discretion to sustain the certiorari, similar to the discretion allowed him in granting a first new trial; and that discretion will not be con-

trolled, unless it has been manifestly abused. *Savannah Ry.* v. *Fennell*, 100 *Ga.* 474; *Buice* v. *Buice*, 111 *Ga.* 887; *Ferry* v. *Mattox*, 118 *Ga.* 146.

2. In passing upon the questions raised by the petition and answer in a habeas-corpus case for the possession of minor children, the discretion given by the law is to the trial judge, who sees and hears the parties, the witnesses, and the children, and who necessarily has superior opportunities for determining correctly the issues involved, chief of which is the material interest of the children. *Smith* v. *Bragg*, 68 *Ga.* 650.

3. While, in accordance with the ruling announced in the first headnote, the discretion of the judge of the superior court in reversing the ordinary's finding on the facts presented by the petition for certiorari will not be controlled, it was error for him to render final judgment, and for this reason the case must go back for another hearing.

*Judgment reversed. All the Justices concur.*

Submitted November 6,—Decided November 8, 1905.

Certiorari. Before Judge Lewis. Jasper superior court. September 26, 1905.

*Doyle Campbell* and *Greene F. Johnson,* for plaintiff in error, cited, on habeas corpus: *Ga. R.* 59/555; 68/650; 76/491; 1 *Ga. Dec.* 93. On certiorari: Civil Code, §4652; *Ga. R.* 60/100; 68/652; 107/784; 116/705.

*Fleming Jordan & Son,* contra, cited *Ga. R.* 76/484; 116/108.