## 4287. ATLANTIC COAST LINE RAILROAD CO. *v.* THOMAS.

A judge of the superior court, in reviewing the evidence on certiorari, has not only the right to pass upon the credibility of the witnesses, but also the right to exercise an original discretion as to the correctness of the verdict, which is not possessed by other courts of review. The provision of the Civil Code, § 5201, which requires the judge of the superior court to make a final decision in a case which is before him on certiorari, is mandatory only when the nature of the error complained of is such that the law forbids the result which was reached, no matter what was the testimony, and regardless of what testimony may be adduced should there be another trial of the case.

DECIDED FEBRUARY 4, 1913.

Certiorari; from Brooks superior court—Judge Thomas. May 17, 1912.

*Bennet & Long,* for plaintiff in error.

*H. B. Austin, M. Baum,* contra.

14

RUSSELL, J. Upon a former review of this case (10 *Ga. App.* 45, 72 S. E. 514) the judgment of the judge of the superior court, refusing to sustain a certiorari, was reversed. The reversal was expressly based solely upon the ground that the verdict was without evidence to support it, in that the evidence of the railroad company's servants rebutted the plaintiff's prima facie case, which depended on the statutory presumption of negligence arising from and authorized by proof that the injury in question had been caused by the operation of the defendant's train. Civil Code, § 2780. In other words, this court held that the verdict in favor of the plaintiff was contrary to law, because contrary to the evidence in the particular trial. On receipt of the remittitur the counsel for the railroad company (plaintiff in error here and petitioner in certiorari) moved in the superior court that the judgment of the Court of Appeals be made the judgment of the superior court, and that final judgment be rendered upon the certiorari. The judge passed an order making the judgment of the Court of Appeals the judgment of the superior court, and sustained the certiorari, setting aside the judgment of the justice's court, in accordance with the instructions of this court; but he refused to enter a judgment finally disposing of the certiorari, and sent the case back to the justice's court for another trial. To this refusal the plaintiff in error excepts, upon the ground that the case involves only a question of law, and that under the provisions of section 5201 of the Civil Code, it was error to send the case back to the justice's court for another trial.

So far from holding that the trial judge erred in declining to enter a final judgment, we think it would clearly have been error if he had done so. *Bryan* v. *Central Ry. Co.,* 117 *Ga.* 827 (45 S. E. 72); *Patterson* v. *Central Ry. Co.,* 117 *Ga.* 827 (45 S. E. 250); *Seaboard Air-Line Ry.* v. *Blue,* 120 *Ga.* 228 (47 S. E. 569). Section 5201 of the Civil Code provides, that "Upon the hearing of a writ of certiorari the superior court may order the same to be dismissed, or return the same to the court from which it came, with instructions; and in all cases when the error complained of is an error of law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of said judge to make a final

decision in said case, without sending it back to the tribunal
below." It is only when the error complained of is an error of law
which must finally govern the case, and only when the judge is
satisfied that there is no question of fact involved which makes it
necessary to send the case back for rehearing, that it becomes the
duty of the judge of the superior court to render a final judgment.
It can not be said that, as a matter of law or under the terms
of this code section, a trial judge ever errs in not rendering a
final judgment, when the error of law is entirely dependent upon
the sufficiency or insufficiency of the proof. In fact, the Supreme
Court has ruled that it would be error to enter a final judgment
in such a case, even where the evidence demanded a verdict for
the plaintiff in certiorari (*Seaboard Air-Line Ry.* v. *Blue,* supra) ;
and the plaintiff in certiorari in the case at bar makes no stronger
claim than that urged in the *Blue* case. See, also, *Atlantic Coast
Line R. Co.* v. *Shuman,* 12 *Ga.* 113; *Bass Dry Goods Co.* v. *Electric
Storage Battery Co.,* 123 *Ga.* 641.

When this case was previously before this court, we held (the
writer very reluctantly concurring) that the judgment refusing a
new trial should be reversed, because we agreed that the decision
in *Georgia Railroad Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639), was a
controlling precedent. But the petition for certiorari in the case
now before us does not contain an assignment of error based upon
the contention that a recovery on the part of the plaintiff is pre-
cluded by a controlling principle of law. The only ground of ex-
ception in the petition is that, as a matter of law, the verdict was
without evidence to support it. This being true, the verdict ren-
dered was contrary to law only in so far as the law related to one
proceeding,—the trial under review. That is all that the exception
of the plaintiff in certiorari amounts to. The complaint was that
the facts in evidence did not prove the plaintiff's case, and not
that a certain definite principle of law precluded a recovery even
if the facts asserted had been proved.

The function of a judge of the superior court, in reviewing the
evidence on certiorari, is very similar to that which he exercises
in reviewing the evidence upon a motion for new trial. It involves
a right and a discretion with which trial judges are clothed, but
which reviewing courts do not possess. It is an original discretion,
and with it is coupled the right to pass upon the credibility of

the witnesses. If it be suggested that there is no reason why a judge of the superior court should adjudge the weight of conflicting testimony, and upon certiorari pass upon the credibility of witnesses who did not testify in his presence, we reply, upon ample authority, that on certiorari a judge of the superior court, in his discretion, may, without error, set aside a verdict fully supported by evidence. It will not be held to be error unless the discretion has already been exercised by the grant of a previous new trial, and unless no other verdict than the verdict which is set aside could lawfully have been returned.

In our former judgment we held nothing more than that the verdict in favor of the plaintiff was not legally supported by the evidence in the trial, and that, as a consequence, the trial judge erred in affirming the judgment rendered against the railway company in the justice's court. The effect of our judgment was to set aside the judgment (which overruled the certiorari and affirmed the judgment of the justice's court), and to place the case back upon the docket for a de novo consideration in accordance with the decision of this court.

The provision which requires a judge of the superior court to make a final decision in a case which is before him upon review by certiorari (Civil Code, § 5201) is merely directory, when the finding in the inferior judicatory is contrary to law because it is without evidence to support it, or for the reason that the party who prevailed in the inferior jurisdiction failed to comply effectually, or did not attempt to comply, with some prerequisite (perhaps legally indispensable to the validity of the finding), which prerequisite (either pleading or evidence) he may by law still supply, provided another trial can be had. The instances above stated are not exhaustive of cases in which the judge might grant a new trial, although the finding in the lower court depended wholly on error of law, but not "an error of law which *must* finally govern the case." The requirement that the judge must make a final decision in the case is mandatory only when the nature of the error complained of is such that the law forbids, under any circumstances, the result reached in the action pending. The language of the code section itself, e converso, implies that if the judge, in passing upon the certiorari, is satisfied that there is any question of fact involved, which in his judgment makes it necessary to send the case back, he may give it that direction.      *Judgment affirmed.*