*B. R. Collins, Glessner & Park,* for plaintiff in error.
*Rambo & Wright,* contra.

---

5047.  DOUTHIT *v.* CITY OF BLUE RIDGE.

HILL, C. J.  1. The writ of certiorari lies to review in the superior court the judgment of any inferior judicatory of this State; and this includes any municipal or mayor's court. See *Moore* v. *Winder*, 10 *Ga. App.* 385-6 (73 S. E. 529).

2. It not being shown, by the facts set forth in the answer of the magistrate, that the ordinance of the municipality which the accused had been charged with violating had been violated, the judgment of conviction was unauthorized by law, and the writ of certiorari should have been sustained.                      *Judgment reversed.*

DECIDED OCTOBER 28, 1913.

Certiorari; from Fannin superior court—Judge Patterson. May 30, 1913.

Thomas Douthit was tried before the mayor of the City of Blue Ridge on a "city warrant" charging him with "disorderly conduct," and was fined $25. He sued out certiorari, alleging that the judgment was contrary to law and to the evidence; and the certiorari

was overruled by the judge of the superior court, "upon the ground that certiorari does not lie in the first instance, there being the right of appeal from the judgment of the mayor to the city council, in all cases where there are issues of fact." Douthit excepted to the judgment overruling the certiorari. The evidence on the trial before the mayor was to the effect that Douthit was seen at night in the woods near a certain residence, with women of bad character and a man named Vestal, by the town marshal, who testified that he had "heard the women and men talking loud down there in the woods," and that Vestal had something under his arm like a quilt or lap robe. Others testified that they heard the talking and laughing. Douthit stated on the trial that on that night he went on the street to meet a man who had agreed to bring liquor to him for medical purposes, and met Vestal, who proposed that they go down the road; he supposed that Vestal was there for liquor, and he went with Vestal, and in a few minutes three women came along and stopped and began to laugh, and in a few minutes the marshal came and arrested them; he had not been guilty of improper conduct with them, did not go there to meet them, did not know they were going to be there, and did nothing while there that would disturb the peace and quiet of anybody. Municipal ordinances, introduced in evidence, prohibit any persons to disturb the peace, quiet, and good order of the city by loud and boisterous language; or to holler or scream in a loud voice, or otherwise act in a disorderly manner, tending to disturb the peace and quiet of the residents of the city; or to congregate after 9 o'clock p. m. on the streets or at any other place in the city limits, and, by loud laughing or talking, to make noise or disturbance which tends to create disorder and excitement.

The charter of the City of Blue Ridge provides, that "any person convicted before the mayor . . may enter an appeal from the judgment of said court to the board of councilmen" within two days, and that "any person convicted by the councilmen on the appeal shall have the right to certiorari to the superior court;" and that "nothing in this section shall be construed to prevent any person convicted of a violation of any ordinance of said city before the mayor's or police court from certioraring the proceeding directly to the superior court in all cases when certiorari will lie from the judgment of the justice of the peace in civil actions under the rules of law governing such cases." Acts 1908, p. 428, sec. 20.

*William Butt, B. L. Smith, Homer Legg,* for plaintiff in error, cited: Acts 1908, p. 428; *Cruse* v. *Sou. Express Co., 72 Ga. 184; Toole* v. *Edmondson,* 104 *Ga.* 776; *Grimsley* v. *Alexander,* 106 *Ga.* 165.

*Thomas A. Brown,* contra, cited Acts of 1908, supra.