Description of case and names of counsel the same as in the case cited above.

---

## 15123.   THOMPSON *et al. v.* LAWRENCE.

The grant of a nonsuit was error, there being some evidence upon which the jury might have based a finding against the defendant.

The discretion of a judge of the superior court in sustaining a certiorari, where questions of fact are involved and the evidence is in conflict, will not be controlled, if it has not been manifestly abused.

DECIDED JANUARY 16, 1924.

Certiorari; from Fulton superior court—Judge Hutcheson presiding.   September 28, 1923.

*Douglas & Douglas, W. C. Henson,* for plaintiffs in error.

*W. J. Davis Jr., C. H. Calhoun, W. S. Dillon,* contra.

BLOODWORTH, J.   "A nonsuit is a matter of strict law, and when a motion to nonsuit is made, there is no discretion on the part of the court, and if there be any evidence whatever to sustain the action, it must go to the jury." *East & West Railroad Co. v. Sims,* 80 *Ga.* 809 (2) (6 S. E. 596).   "The evidence adduced in behalf of the plaintiff was sufficient to support legitimate deductions and inferences from which the jury might have been authorized to find in favor of the plaintiff, and the court therefore erred in awarding a nonsuit." *Henry v. Ga. & Fla. Ry.,* 16 *Ga. App.* 12 (84 S. E. 482).   "Nonsuit is a process of legal mechanics: the case is chopped off.   Only in a clear, gross case is this mechanical treatment proper. Where there is any doubt another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury.   They are supposed to be able to examine every molecule of the evidence, and to feel every shock and tremor of its probative force." *Vickers v. Atlanta &c. R. Co.,* 64 *Ga.* 306, 308. "While, even under the plaintiff's evidence, the case was a close one, there was some evidence upon which the jury might have based a finding against the defendant, and it was error to grant a nonsuit." *Jackson v. Ga. Ry. & Electric Co.,* 120 *Ga.* 1009 (48 S. E. 420).

"A judge of the superior court, in passing on a certiorari, where questions of fact are involved and the evidence is conflicting, has a discretion to sustain the certiorari, similar to the discretion allowed

him in granting a first new trial; and that discretion will not be controlled, unless it has been manifestly abused. *Savannah Ry.* v. *Fennell,* 100 *Ga.* 474; *Buice* v. *Buice,* 111 *Ga.* 887; *Ferry* v. *Mattox,* 118 *Ga.* 146." *Weathersby* v. *Jordan,* 124 *Ga.* 68 (1) (52 S. E. 83). Under the facts of this case and the rulings in the foregoing cases, we cannot say that the judge of the superior court abused his discretion in sustaining the certiorari, which amounts to the granting of a first new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*