### J. P. TEMPLE v. SOUTHERN RAILWAY COMPANY AND JAMES C. DAVIS, DIRECTOR.

(Filed 4 November, 1925.)

**1. Carriers of Goods—Railroads — Freight Charges—Sales—Proceeds—Actions—Evidence.**

Where a shipment of hay has been sold by a railroad company shipped under an order notify bill of lading, for the payment of freight charges,

the owner of the legal title is entitled to the excess amount the shipment has brought at the sale, and the market value at the time of the sale is evidence of the amount the hay brought thereat.

2. **Same — Bills of Lading — Order Notify — Endorsements — Title — Actions—Parties—Negotiable Instruments.**

Where an order notify bill of lading has been endorsed by the shipper, it is negotiable, and the holder may maintain his action thereon. C. S., 290.

3. **Same—Stipulations—Conditions.**

In an action to recover of a railroad company the balance of the proceeds of sale of a carload of hay, over the amount necessary to pay carriage charges, the provision in the bill of lading requiring written notice within four months for claim for damages, etc., is inapplicable.

APPEAL by defendants from *Dunn, J.,* at April Term, 1925, of NEW HANOVER. No error.

Facts as alleged in the complaint are as follows: On 5 March, 1918, bill of lading was issued by Grand Trunk Railway, at St. Lamberts, Quebec, Canada, for carload of hay, to be shipped to Macon, Ga., and there to be delivered to order of Wm. C. Bloomingdale, shipper, notify J. P. Temple. This bill of lading was transferred and assigned by endorsement of Wm. C. Bloomingdale to the Canadian Bank of Commerce, as security for his indebtedness to said bank.

Upon arrival of the car of hay at Macon, Ga., on 23 April, 1918, the agent of defendants notified J. P. Temple, and demanded of him payment of freight, at the rate of 55.2 cents per hundred. Temple refused to pay the freight at this rate for the reason that same was in excess of the lawful rate. The agent refused to deliver the hay to either J. P. Temple or the Canadian Bank of Commerce, upon offer to pay freight at the lawful rate. Defendants thereafter sold the hay, and retained in their possession the proceeds of the sale, contending that the amount received at said sale was not sufficient to pay the freight, demurrage, and other lawful charges.

Plaintiff is now the owner of the bill of lading, having acquired all the right, title and interest of the Canadian Bank of Commerce, by sale, transfer and assignment, on 25 October, 1918, and of Wm. C. Bloomingdale, by sale pursuant to an order of the bankrupt court of Canada on 7 April, 1919, Bloomingdale having been adjudged a bankrupt, after the issuance of the bill of lading. This action was commenced on 15 August, 1919.

Defendants, in their answer, deny the facts as alleged in the complaint, and for a further defense aver that no claim was made on account of said hay, in writing, within four months after a reasonable time for the delivery of same, as provided in section 4 of the bill of lading. Defendants plead failure to comply with said provision in bar of this action.

On the trial, plaintiff offered evidence tending to sustain the allegations of the complaint; defendants did not offer evidence.

The issues submitted by the court were answered in accordance with the contentions of plaintiff. Upon the verdict, judgment was rendered that plaintiff recover of defendants the sum of $403.23 with interest on $285.98 from 23 April, 1918, and the costs of the action to be taxed by the clerk. From this judgment, defendants appealed.

*Herbert McClammy for plaintiff.*
*John D. Bellamy & Sons for defendants.*

CONNOR, J. The bill of lading, providing for the delivery of the hay to the order of Wm. C. Bloomingdale, the shipper, at Macon, Ga., with the name of the shipper written on the back thereof, was offered in evidence by plaintiff. There was evidence that the name of the shipper, endorsed on the bill of lading, was in his handwriting. It is an order bill of lading and, therefore, negotiable by endorsement. U. S. Comp. Stat. 8604-b. Its negotiability is not affected by the provision that J. P. Temple be notified of the arrival of the hay at destination. U. S. Comp. Stat., 8604-d. Possession of the bill of lading by the plaintiff, with the endorsement of the shipper, is evidence of plaintiff's ownership of the hay, and of his right to the proceeds of the sale of the same. *Mangum v. Grain Co.,* 184 N. C., 181; *Watts v. R. R.,* 183 N. C., 12; U. S. Comp. Stat., 8604-m, 8604-mm; C. S., 307, 308. No further evidence of the sale, transfer or assignment of the bill of lading by either the Canadian Bank of Commerce, or Wm. C. Bloomingdale, or the curators of his estate in bankruptcy, was necessary. Upon the issue in this case, it is immaterial whether there was other evidence of the sale, transfer or assignment of the bill of lading or not. *Holloman v. R. R.,* 172 N. C., 372. The order bill of lading, endorsed by the shipper, in the possession of plaintiff was sufficient evidence of plaintiff's ownership of the bill of lading and of the hay for which the bill of lading was issued. U. S. Comp. Stat., 8604-dd; C. S., 290. The assignment of error based upon defendants' contention that there was no evidence that plaintiff was owner of bill of lading for the hay, cannot be sustained. 10 C. J., 204.

This is not an action to recover for loss or damage to the hay, nor for delay in transporting or delivering same. Plaintiff seeks to recover the value of the hay at destination, on day of arrival of car. Defendants having sold the hay, to enforce its lien for freight and other lawful charges (U. S. Comp. Stat., 8604-m) is liable to the owner for the balance of the proceeds of the sale. There is no evidence of any sum due defendants except that for freight at the rate of 44 cents per

hundred. There is evidence of the market value of the hay at Macon, Ga., on 23 April, 1918. There is no evidence of the amount received by defendants from sale of the hay. Under the instructions of the court the jury has found that plaintiff is entitled to recover of defendants the sum of $285.98, with interest from 23 April, 1918, and judgment is rendered for this amount. This judgment is affirmed. The assignment of error based upon exception to the instruction of the court to the jury that this action is not barred by failure to file claim in writing within four months as provided in section 4 of the bill of lading is not sustained. *Anthony v. Express Co.,* 188 N. C., 407. We find

No error.