18541, 18579. CONNALLY REALTY COMPANY *v.* NALLEY; and *vice versa.*

BELL, J. 1. "A judge of the superior court, in passing on a certiorari, where questions of fact are involved and the evidence is conflicting, has a discretion to sustain the certiorari, similar to the discretion allowed him in granting a first new trial; and that discretion will not be controlled, unless it has been manifestly abused." *Weathersby* v. *Jordan*, 124 *Ga.* 68 (52 S. E. 83). "The function of a judge of the superior court, in reviewing the evidence on certiorari, is very similar to that which he exercises in reviewing the evidence upon a motion for a new trial. It involves a right and a discretion with which trial judges are clothed, but which reviewing courts do not possess. It is an original discretion, and with it is coupled the right to pass upon the credibility of the witnesses," and otherwise to weigh the evidence. *A. C. L. R. Co.* v. *Thomas*, 12 *Ga. App.* 209, 211 (77 S. E. 13).

2. The above principles are applicable in cases of certiorari in the superior court of Fulton county to review judgments of the appellate division of the municipal court of Atlanta granting or refusing motions for new trial in that court where questions of fact are involved, whether relating to the main issue or to some preliminary or collateral matter; as, for instance, a motion for a continuance. *Shirley* v. *Swafford*, 119 *Ga.* 43 (2) (45 S. E. 722); *L. & N. R. Co.* v. *Barksdale*, 34 *Ga. App.* 812 (131 S. E 298). See also section 42 of the act of July 31, 1925 (Ga. L. 1925, p. 383), amending the act creating the municipal court of Atlanta and superseding the provisions referred to and considered in *Gresham* v. *Lee*, 152 *Ga.* 829 (111 S. E. 404), s. c. 28 *Ga. App.* 576 (112 S. E. 524).

3. Accordingly, where the losing party in a case in the municipal court moved for a new trial because the court had refused a motion made by him for a continuance, and the motion for a new trial was denied both

by the trial judge and the appellate division, the superior court of Fulton county did not err in reversing the judgment and ordering a first new trial, upon the ground that the motion for the continuance should have been granted, where, as here, it can not be said *as a matter of law* that the continuance was rightly refused. Since the evidence was such that the municipal court might have ruled either way upon the motion to continue, the superior court on certiorari was authorized to do likewise, even to hold differently from the municipal court, and with such discretionary judgment this court can not interfere. *Bagley* v. *Shumate,* 128 *Ga.* 78 (57 S. E. 99); *Parrott* v. *Bradley,* 28 *Ga. App.* 529 (112 S. E. 152); *Jones Motor Co.* v. *Finch Motor Co.,* 34 *Ga. App.* 399 (2), 403 (129 S. E. 815).

4. In such a case the granting of the certiorari will not be reversed by this court merely because the evidence upon the main issue may have demanded a finding in favor of the prevailing party. The error in refusing the continuance having rendered further proceedings nugatory, the losing party was not required to offer evidence on the principal issue.

5. The questions made in the cross-bill, not having been passed upon by the superior court, will not be decided by this court.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1928.

*Slaton & Hopkins,* for plaintiff.
*J. J. Barge, Morris Macks,* for defendant.