BROWN *v.* MOSTELLER.

No. 10671. November 16, 1935.

*J. F. Hatchett* and *J. B. Hatchett,* for plaintiff.
*G. C. Thompson* and *N. F. Culpepper,* for defendant.

RUSSELL, Chief Justice. At the May term, 1934, of the superior court of Meriwether County a total divorce was granted to both husband and wife in a libel for divorce instituted by Mrs. Julia Brown against Ralph Brown. The custody of their four-year

old daughter was awarded to the mother, she also being awarded $15 per month to be paid by the father for the support of the child. In July, 1934, the father instituted habeas corpus proceedings against the mother, for the custody of the child, alleging she was not being properly cared for by the mother, was undernourished and insufficiently clothed, and that the money sent by him for the child's support was being used by the mother for the benefit of herself and two children by a former marriage; that since being divorced from petitioner she had married a man of questionable character, without means or regular employment; and that the associates of the child were not people of good character. These allegations of the father were denied by the mother in her response to the application for habeas corpus. Upon the hearing before the ordinary the evidence was conflicting. The ordinary awarded the custody of the child to the father. Upon petition for certiorari brought by the wife the judge of the superior court sustained the certiorari and remanded the case for another trial, with instructions that the hearing be restricted "to facts and conditions, if any, arising subsequent to the date of the judgment of the superior court of Meriwether County, . . as may be disclosed before him by competent, relevant, and admissible evidence." In the present bill of exceptions the father assigns error upon this judgment as contrary to law and contrary to the evidence.

"A judge of the superior court, in passing on a certiorari, where questions of fact are involved and the evidence is conflicting, has a discretion to sustain the certiorari, similar to the discretion allowed him in granting a first new trial; and that discretion will not be controlled, unless it has been manifestly abused." *Weathersby* v. *Jordan,* 124 *Ga.* 68 (52 S. E. 83) ; *Connally Realty Co.* v. *Nalley,* 38 *Ga. App.* 292 (143 S. E. 786). "The function of a judge of the superior court, in reviewing the evidence on certiorari, is very similar to that which he exercises in reviewing the evidence upon a motion for new trial. It involves a right and a discretion with which trial judges are clothed, but which reviewing courts do not possess. It is an original discretion, and with it is coupled the right to pass upon the credibility of the witnesses." *A. C. L. R. Co.* v. *Thomas,* 12 *Ga. App.* 209, 211 (77 S. E. 13). It not appearing that the discretion with

which a trial judge is invested was abused in sustaining the certiorari and remanding the case for another trial, with instructions, his judgment will not be reversed.

*Judgment affirmed. All the Justices concur.*