### 28075. WILLIAMS *v.* CITY OF ATLANTA.

DECIDED JANUARY 31, 1940.

*C. G. Baltle,* for plaintiff in error.
*J. C. Savage, C. S. Winn, J. C. Murphy, E. L. Sterne,* contra.

MACINTYRE, J. The defendant, according to the answer of the recorder to the writ of certiorari, was charged in recorder's court of Atlanta with the offense of "disorderly conduct." He was convicted and sentenced to thirty days in the stockade, and fined $100. The certiorari was overruled, and he excepted. The only evidence for the City of Atlanta was the testimony of the arresting officer: "That on or about the 17th day of September, 1938, he went to 349 Edgewood Avenue, City of Atlanta, and found the defendant in the place; that there was no one in the place but the defendant; and that he found under the counter several quarts of tax-paid whisky, that is, bearing the State revenue stamps as provided by law; that he also found in the rear of said place several empty bottles, and that he found some wine glasses in the place; that there was no disorder on the part of defendant whatever; and that he arrested the defendant and entered the case of 'disorderly conduct, whisky,' against him." The officer further testified that "there was no license to dispense liquors in this place, and that there were several glasses fresh with the odor of whisky in the place."

The city ordinance under which he was convicted, and which was set forth in the petition for certiorari, provided: "Sec. 874. Public indecency; disorderly conduct; how punished; penalty. Any person who shall, within the corporate limits of Atlanta, be guilty of an act of public indecency, tending to debauch the morals of any of the citizens, or of quarrelling, or of using obscene, vulgar, profane language, or malicious mischief, [shall] pay a fine of not exceeding one hundred dollars and costs, or be imprisoned for not more than thirty days, in the discretion of the recorder's court."

The Supreme Court, in *Kahn* v. *Macon,* 95 *Ga.* 419 (22 S. E. 641), held: "Quietly playing and betting for money at a game of cards in a private room, although the room be situated over a barroom and the gaming be done on the Sabbath morning, while an offense against the penal laws of this State, is not 'disorderly conduct' as against the municipal ordinances of the City of Macon, it not appearing that the offense was in any sense publicly committed, that the public was in any manner disturbed thereby or even had any knowledge of the same until the participants in the game were discovered and detected by the police officers who made a 'raid' upon the room for that purpose." It was claimed that the act of the defendant was "disorderly conduct," and under the above-quoted ordinance could be punished as such. This claim, however, rested wholly upon the fact that the defendant possessed, controlled, and dispensed liquor without a license and in violation of the penal law of this State. (Code, §§ 27-2506, 58-902, 58-924, 58-1032, 58-1069, 58-1070.) In the present case, so far as the record discloses, there was no disturbance of the public. The defendant was found in a room in a county which was "wet" within the purview of the act of 1938 (Ga. L. Ex. Sess. 1937-1938, p. 103 et seq.), authorizing the sale of intoxicating liquors. Tax-paid liquor was found under the counters, several empty bottles in the rear of the place, glasses in the room with a fresh odor, but no license to dispense. It was the duty of the officer to enter the room to suppress the offense, if any; and it was the duty of the recorder, if there was sufficient evidence of a crime, to bind the defendant over until he could be properly indicted by the grand jury or an accusation be filed by the solicitor of any criminal court, as provided by the Code, § 58-1082; but under the facts of this case the recorder had no authority to impose the sentence of thirty days in

the stockade and a fine of $100 as penalty for an alleged violation of the municipal ordinance. To be guilty of "disorderly conduct," the public or some member thereof must be disturbed. *Williams* v. *Valdosta,* 47 *Ga. App.* 810, 812 (171 S. E. 553); *Cason* v. *State,* 60 *Ga. App.* 626 (4 S. E. 2d, 713). The evidence did not authorize the judgment, and the court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*