### BURKS *v.* MULLINS.

WYATT, Justice. Mamie Mullins instituted contempt proceedings against W. T. Burks, based upon his alleged failure to comply with a judgment for permanent alimony. He answered, admitting the judgment for permanent alimony, and admitting that he had for several years complied with the judgment by making the payments provided in the judgment, and that he had now stopped making the payments. He contended that he should no longer be required to pay the alimony judgment for the reasons that the plaintiff in the court below had agreed to drop the use of the name "Mrs. Burks," and resume her maiden name, which she had done, and was therefore herself in contempt of court. He sought to set up a plea of recoupment on account of this alleged breach of agreement, and have his claim based thereon set off against the judgment for alimony. The trial court struck the plea of recoupment on demurrer, and adjudged the defendant in the court below to be in contempt of court. The exception here is to the judgment on demurrer striking the plea of recoupment, and to the judgment adjudging the plaintiff in error to be in contempt. The only legal questions presented by the record in this case are:

1. The judgment adjudging the plaintiff in error to be in contempt of court was error for the reason he was financially unable to make the payments. We deem it sufficient to say that the evidence on this question was sufficient to support the finding of the trial court.

2. The judgment of the trial court was error because the court refused to modify the original alimony judgment so as to comply with an alleged new agreement made between the parties. This the trial court could

not do. See *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415); *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490); *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977). Moreover, the evidence in this case did not demand a finding that a subsequent agreement was entered into.

3. The judgment adjudging the plaintiff in error to be in contempt of court was error for the reason that the wife had violated her agreement to no longer use the name, "Mrs. W. T. Burks," and was, therefore, herself in contempt of court. Whether or not this contention would be a good defense to a contempt proceeding, we do not decide. The trial court was authorized to find that the plaintiff in error had, by his acts and conduct, waived any right to insist upon the defendant in error's reassuming her maiden name. See *Jagoe* v. *Jagoe,* 183 *Ga.* 273 (187 S. E. 874).

4. The judgment of the trial court sustaining the demurrer to that portion of the defendant's answer seeking to set up recoupment was error. There was no error in the judgment sustaining the demurrer to this portion of the answer. See *Attaway* v. *Attaway,* 193 *Ga.* 51 (17 S. E. 2d, 72). It follows that there was no error in the judgment complained of in this case.

*Judgment affirmed. All the Justices concur.*

No. 16962. FEBRUARY 16, 1950. REHEARING DENIED MARCH 15, 1950.

*Kennedy & Kennedy,* for plaintiff in error.
*Owen & Bolton,* contra.