## 19425. ETHRIDGE *v.* ECHOLS.

MOBLEY, Justice. The plaintiff, former wife of the defendant, brought her petition in Fulton Superior Court, praying that the defendant be ad-

judged in contempt of court for failing to obey the terms of a judgment and decree of said court rendered August 23, 1955, under which he was ordered to pay her alimony in the amount of $25 per week until her death. The defendant filed his answer, and on May 10, 1956, after hearing evidence and argument of counsel, the trial court entered an order dismissing the rule for contempt. To this judgment the plaintiff excepts. The record discloses that the parties were divorced on December 14, 1951, the final decree requiring, among other things, that the defendant pay the plaintiff $100 per week beginning December 4, 1951, "and continuing until her death or remarriage." The decree contained no provision reserving the right in the court to revise or modify it at a later date. Thereafter, the plaintiff filed a petition for modification of this final judgment and decree, to which petition her husband consented; and on August 23, 1955, the trial court entered an order, modifying the original judgment and decree, reducing the permanent alimony payable to the plaintiff from $100 per week to $25 per week, "and continuing until her death." On the following day, August 24, 1955, the plaintiff married one John Wm. Ethridge, Sr., and was living with him at the time of the trial of this case. The defendant paid $25 per week to the plaintiff until December, 1955, at which time he stopped making payments. In her petition for modification of the original judgment and decree, the plaintiff gave her reasons for asking for a modification as being the earning capacity of the defendant and because it would afford her greater protection and means for her existence should the defendant predecease her. The evidence shows clearly that the parties, in consenting to the modification judgment, intended that the payment of alimony under such judgment would continue even after the plaintiff's remarriage. The defendant contends that the trial court was without authority to modify the original decree and judgment for alimony, even though such modification was entered with the consent of the parties; and that, even if the court had authority to modify the original decree, the plaintiff is barred from collecting alimony by reason of her remarriage. The plaintiff contends that the defendant is estopped to deny the validity of the modified judgment and decree and to discontinue making payments under such judgment because of his conduct in consenting thereto and in making payments thereunder. *Held:*

1. A final decree for permanent alimony not excepted to passes beyond the discretionary control of the trial judge, and he has then no authority to modify its terms unless authority to do so is reserved in the decree. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977); *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (1) (91 S. E. 415); *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (1) (107 S. E. 490); *Torras* v. *McDonald,* 196 *Ga.* 347 (1) (26 S. E. 2d 598); *Burkes* v. *Mullins,* 206 *Ga.* 603 (2) (57 S. E. 2d 926); *Martin* v. *Martin,* 209 *Ga.* 850 (76 S. E. 2d 390); *Roberson* v. *Roberson,* 210 *Ga.* 346 (80 S. E. 2d 283). There was no provision in the original judgment and decree in this case authorizing a subsequent modification thereof. Applying the ruling made in the above-cited cases, the trial court was clearly without authority to modify the original judgment and decree. The act of the General Assembly passed in 1955 (Ga. L. 1955, p. 630), providing for modification of permanent alimony judgments does not apply here, as

599

this judgment was entered prior to the enactment of said law.', *Anthony* v. *Penn,* 212 *Ga.* 292 (92 S. E. 2d 14).

2. The contention of the plaintiff that the defendant can not now be heard to complain, because he consented to the modification decree and acquiesced therein by making payments thereunder for several months, is without merit. The trial court was wholly without authority to modify the original judgment and decree and was without jurisdiction of the subject matter. "Jurisdiction of the subject matter of a suit can not be conferred by agreement or consent, or be waived or 'based on an estoppel of a party to deny that it exists.'" *Langston* v. *Nash,* 192 *Ga.* 427, 429 (15 S. E. 2d 481). "A judgment which is void for want of jurisdiction does not afford any basis for applying the doctrine of res adjudicata or estoppel. *Dix* v. *Dix,* 132 *Ga.* 630 (3) (64 S. E. 790). Nor does the fact that the husband did not except to the original judgment for alimony, and made the ordered payments for eight months, affect the result. *Seigler* v. *Seigler,* 181 *Ga.* 310 (181 S. E. 822); *Jones* v. *Jones,* supra [181 *Ga.* 747, 184 S. E. 271]; *Langston* v. *Nash,* 192 *Ga.* 427 (15 S. E. 2d 481)." *Eagan* v. *First National Bank,* 212 *Ga.* 212, 213 (91 S. E. 2d 499).

3. In view of the ruling heretofore made, we do not consider and decide the question whether the remarriage of the plaintiff in this case would arrest the payment of alimony to her under a judgment which provided for monthly payments until her death.

*Judgment affirmed. All the Justices concur.*

Submitted July 9, 1956—Decided September 7, 1956.

*Emmett O. Dobbs, Jr., John I. Hynds,* for plaintiff in error.
*T. J. Long,* contra.