## 27265. SHOWALTER v. SANDLIN.

ARGUED JUNE 12, 1972—DECIDED SEPTEMBER 7, 1972.

*Beverly H. Nash,* for appellant.

GRICE, Presiding Justice. Mrs. Leticia Sandlin Showalter appeals from the denial of her motion to dismiss a complaint seeking the writ of habeas corpus and also from the grant of that writ in the Superior Court of Camden County. She and the appellee B. G. Sandlin are the divorced parents of two named minor children.

The record shows that the mother, Mrs. Showalter, instituted an action in the Juvenile Court of Camden County on December 15, 1970, at which time that court issued an order forbidding the father, Mr. Sandlin, from removing the children from its jurisdiction pending a hearing and determination of the issues raised in the complaint. On September 4, 1971, the mother filed an amendment seeking to terminate the parental rights of the father. At that time he was personally served with both the original and amended petitions.

The father, however, on October 7, 1971, filed in the Superior Court of Camden County a complaint against the mother which alleged in material part as follows: that the mother is a resident of Camden County and is subject to the jurisdiction of that court; that the father is a resident of the state of Texas and is also subject to the jurisdiction of that court; that the father and mother were granted a divorce on March 9, 1965; that under that decree the father was awarded custody during most of the year and both parents were ordered not to remove the children beyond the jurisdiction of the Texas court without the court's permission, a copy thereof being attached; that the mother removed the children from the jurisdiction of the court and has detained them ever since; that the father's primary interest is the welfare of the children; that the mother's detention of them is illegal; and that under the Texas decree he is entitled to their custody and has not released his rights thereto.

The complaint further alleged that an action has been filed in the Juvenile Court of Camden County in the interest of the children; that the Superior Court of Camden County is the proper forum for all issues herein; that the father has no adequate remedy at law; and that he is a fit and proper person and as father of the children is entitled to their custody.

The prayers of the complaint included that the mother produce the children before the court; that she be temporarily restrained from pursuing her action in the Juvenile Court pending further order of the Superior Court; and that she be temporarily enjoined from removing the children beyond the jurisdiction of the Superior Court.

A rule nisi and restraining order were issued setting the matter for determination on October 10, 1971. On that date the mother filed a motion to dismiss the father's habeas corpus proceeding but this motion was subsequently denied.

On March 23, 1972, the Superior Court issued an order in the habeas corpus proceeding which recited essentially as follows: that the mother had filed a motion to dismiss, "making it known that an action for the termination of the parental rights of the [father] was pending in the Juvenile Court"; and that the Superior Court had "determined that it was advisable to refer the question of custody to said Juvenile Court for the purpose of investigation only, requesting from said Court its report regarding said matter, and it appearing that said report [contains] therein a transcript of a hearing conducted by said Juvenile Court, and said report having been read by this court in its entirety; . . . it is the order of this court . . . that permanent custody of [the son] is hereby granted to the [father]; that the custody of [the daughter] is hereby granted to [the mother]"; and that the parent not awarded custody of the particular child is allowed stated visitation rights as to it.

Enumerated as error are the following: (1) denial of the mother's motion to dismiss the father's habeas corpus complaint; (2) referral of that case to the Juvenile Court for hearing evidence and making recommendations; (3) failure

to order the father to contribute to the support of the daughter; (4) sustaining the habeas corpus writ as to the son; and (5) failure to consider the best interest of the minor children.

■ In our view the Superior Court correctly denied the motion to dismiss the father's complaint. This motion recited that the complaint fails to state a claim upon which relief can be granted. It also set forth affirmatively and in particular the nature of the Juvenile Court action, which it alleged was pending and was solely for that court's determination. It cannot be said that the complaint shows upon its face with certainty that the father would not be entitled to relief under any state of facts which could be proved in support of the claim. The complaint does not identify the pending Juvenile Court action, except that it is "in the best interest of" the two children. Furthermore, the complaint is predicated upon the Texas decree, which by the United States Constitution (*Code* § 1-401) is entitled to full faith and credit in the Superior Court of Camden County, Georgia.

■ But we conclude that the Superior Court erred in referring the question of custody to the Juvenile Court for recommendation and report because there is no longer any statutory authority for such referral.

The Juvenile Court Act of 1951 (Ga. L. 1951, p. 291 et seq., as amended) formerly authorized it. *Code Ann.* § 24-2408 (5) granted concurrent jurisdiction of the issue of custody and support "when said issue is transferred by proper order of the superior court." *Code Ann.* § 24-2409 (2) provided that "Courts of record in handling divorce or habeas corpus cases involving the custody of a child or children, may transfer the question of the determination of custody and support to the juvenile court for investigation and report back to the superior court or for investigation and determination."

However, both of these provisions ceased to exist when the General Assembly in 1971 enacted the Juvenile Court Code of Georgia (Ga. L. 1971, p. 709 et seq., *Code Ann.* § 24A-101 et seq.). This legislation expressly repealed these

referral procedures. See Ga. L. 1971, pp. 709, 756 (*Code Ann.* § 24A-4001).

This repeal left the habeas corpus trial court no alternative. Under the circumstances the judge was required to conduct a hearing before him on the merits of the contentions advanced by the parties. This procedure has certain recognized advantages.

In *Weathereby v. Jordan,* 124 Ga. 68 (2) (52 SE 83), this court held: "In passing upon the questions raised by the petition and answer in a habeas corpus case for the possession of minor children, the discretion given by the law is to the trial judge, who sees and hears the parties, the witnesses, and the children, and who necessarily has superior opportunities for determining correctly the issues involved, chief of which is the material interest of the children. *Smith v. Bragg,* 68 Ga. 650."

Since the trial court's order is based upon procedure which did not then exist in law, subsequent proceedings were nugatory and therefore the order is void.

In our view, the judgment should be reversed and the cause remanded to the habeas corpus court directing that a hearing be held for determination of custody of the children.

■ The ruling made in Division 2 is controlling and renders unnecessary consideration of the remaining enumerations of error.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*