27253.   GRAY (now Copeland) v. GRAY.

MOBLEY, Chief Justice. This appeal is from the judgment of the Juvenile Court of Fulton County, awarding the custody of two minor children to their father. The issue of custody arose in a divorce action, and the Superior Court of Fulton County, on October 4, 1971, referred the question of custody to the juvenile court for final determination. Counsel for the parties in a pre-trial conference agreed that: "There is no question as to the legality of the referral of the custody question in this case to the Juvenile Court for 'investigation, trial and final determination.'"

1. In *Showalter v. Sandlin,* 229 Ga. 405, this court held that the Sections of the 1951 Juvenile Court Act authorizing the transfer to juvenile courts of custody questions arising in divorce and habeas corpus cases had been repealed by the 1971 Juvenile Court Act (Ga. L. 1971, p. 709 et seq.), and that the order of transferral in that case was void. Under the ruling in the *Showalter* case, the order in the present case transferring the custody issue to the Juvenile Court of Fulton County was void, and that court was without jurisdiction to determine the custody issue.

2. Waiver or consent of the parties cannot confer on a court jurisdiction of a subject matter wherein it has none at law. When a court has before it a matter where it has no jurisdiction of the subject matter, no legal judgment can be rendered except one of dismissal; and when this court discovers from the record on appeal that a judgment has been rendered by a court having no jurisdiction of the subject matter, it will of its own motion reverse the judgment. *Smith v. Ferrario,* 105 Ga. 51, 53 (31 SE 38); *Langston v. Nash,* 192 Ga. 427, 429 (15 SE2d 481); *Ethridge v. Echols,* 212 Ga. 597 (2) (94 SE2d 377); *Sweatman v. Roberts,* 213 Ga. 112, 113 (97 SE2d 320); *Williams v. Kaylor,* 218 Ga. 576, 581 (129 SE2d 791).

3. The judgment granting custody of the minor children to the father is reversed, with direction that the question of custody be returned to the Superior Court of Fulton County for hearing and determination.

*Judgment reversed with direction. All the Justices concur.* ARGUED JUNE 13, 1972—DECIDED SEPTEMBER 12, 1972.

*Westmoreland, Hall & Bryan, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Huie & Harland, Harry L. Cashin, Joe G. Davis, Jr.,* for appellee.