## 28682. JACKSON v. GAMBLE.

JORDAN, Justice.

This is an appeal from the judgment of DeKalb Superior Court in a child custody case.

The parties to the above styled action were divorced on April 6, 1970, at which time the appellee Marilyn Gamble, formerly Jackson, was awarded custody of the one child born of the marriage.

In February of 1972 the parties entered into negotiations to modify the custody provisions for the child, but when the time came for appellee to execute the consent order and relinquish custody of the child she refused. The father then brought a petition in Fulton Superior Court seeking a writ of habeas corpus and custody of the child. The trial court heard a portion of the appellant-father's evidence and then with the consent of the parties, referred the case "to the Juvenile Court of Fulton County for an examination and investigation of conditions surrounding the best interest and welfare of the child of the parties." Although the case was referred to the Juvenile Court for an investigation and report, the final determination of custody remained with the Fulton Superior Court.

After the report of the Fulton Juvenile Court was returned to the Fulton Superior Court, said court issued an order in which it stated that "both the mother, Mrs. Marilyn Smith Jackson Gamble, and the father, Robert H. Jackson, have appeared before me. I have considered their testimony, observed their demeanor, and have been completely satisfied that each of the parents loves and genuinely desires the custody of the child. The court has also had the benefit of conscientious and dedicated representation afforded their respective clients of the attorneys of record.

"In addition the court has most carefully studied a

report received from the Fulton County Juvenile Court." The order further stated that "It is my opinion, referring to all the evidence before me at this time and all the information which has been gathered, that the best interest of the child is that he shall be in the custody of his father, the plaintiff."

After this order of Fulton Superior Court the appellee-mother filed a notice of appeal, but said appeal was abandoned after a failure to request an extension for the filing of the transcript within the time provided by law.

After losing custody of her child in the Fulton Superior Court, and after all chances for direct appeal from that judgment were lost due to an untimely motion for an extension, the appellee filed a petition in the DeKalb County Superior Court seeking a writ of habeas corpus and custody of the child. The DeKalb Superior Court ruled that the order of the Fulton Superior Court was void on its face and subject to collateral attack. The reasoning of the DeKalb Superior Court was that the referral to the Juvenile Court was no longer authorized under the Georgia Juvenile Court Code and that any such order referring the case for investigation and report to the juvenile court was void under decisions of this court exemplified by *Showalter v. Sandlin,* 229 Ga. 405 (191 SE2d 828).

After ruling that the order of the Fulton County Superior Court was void on its face, the DeKalb Superior Court took extensive evidence as to changes in conditions and the best interest of the child. After a lengthy hearing, the DeKalb Superior Court held that "there has been no substantial change in the circumstances since the date of the final judgment and decree entered by this court in the divorce action between the parties hereto, dated April 6, 1970, and it further appearing that it would be in the best interest of the minor child of the parties hereto, to wit: John Robert Jackson, it is hereby ordered and adjudged that the full custody and control of said minor child shall be immediately vested in the plaintiff."

The appellant-father appeals the DeKalb order to this court complaining that it was error for the trial court to rule that the Fulton County order was void on its face,

and that it was therefore error to consider evidence of change in conditions prior to the date of the Fulton County judgment. *Held:*

1. This case turns on one question: Was the judgment of the Fulton Superior Court void on its face, and subject to collateral attack or was it merely voidable?

The decision and facts in *Showalter,* supra, relied upon by the trial court can be distinguished from the situation before us now. In *Showalter* it appears that the order of the trial court was predicated solely on the evidence gathered by an investigation of the Camden County Juvenile Court. The order appealed from in that case made no mention of any other evidence presented before that court other than the report from the Juvenile Court. We held in *Showalter* that although the Juvenile Court Act of 1951 (Ga. L. 1951, p. 291; Code Ann. §§ 24-2408 (5), 24-2409 (2)) allowed a superior court to refer the matter of child custody to a juvenile court for an investigation and report or an investigation and determination, the section in which said referral was authorized was repealed in 1971 when the General Assembly enacted the Juvenile Court Code of Georgia (Ga. L. 1971, p. 709 et seq.; Code Ann. § 24A-101 at seq.) The authority to transfer a custody case by proper order of the Superior Court to the Juvenile Court for a hearing and determination was re-enacted by the General Assembly in 1973. Code Ann. § 24A-301 (c).

In *Showalter* (p. 409), we quoted *Weatherby v. Jordan,* 124 Ga. 68 (2) (52 SE 83), for the proposition that "In passing upon the questions raised by the petition and answer in a habeas corpus case for the possession of minor children, the discretion given by the law is to the trial judge, who sees and hears the parties, the witnesses, and the children, and who necessarily has superior opportunities for determining correctly the issues involved, chief of which is the material interest of the children. *Smith v. Bragg,* 68 Ga. 650." In the case sub judice the Fulton Superior Court stated in its order that the parties had appeared before the court and that the court had *"considered their testimony, observed their demeanor."* The order went on to say that "referring to *all the evidence before me* at this time and all the

information which has been gathered, that the best interest of the child is that he shall be in the custody of his father, the plaintiff." It appears that the Fulton Superior Court performed the function set out for it in *Showalter, Weatherby* and *Smith,* supra.

The referral to the juvenile court for an investigation and report was done by consent of the parties, and if the referral had been an attempt to transfer jurisdiction to said court the consent of the parties would have no effect since it is a well established principle of law that "Waiver or consent of the parties cannot confer on a court jurisdiction of a subject matter wherein it has none at law." *Gray v. Gray,* 229 Ga. 460 (2) (192 SE2d 334). However, the referral complained of here was not an attempt to transfer jurisdiction but only a consent to the referral and report. We do not reach the question of whether such referral may have been grounds for a reversal and remand if a direct appeal had been perfected, as was done in *Showalter.* The judgment of the Fulton Superior Court was not void but at most was voidable only. Since no appeal was perfected the judgment of the Fulton Superior Court was res judicata and is the law of the case. Having made the above determination we must reverse the judgment of the DeKalb Superior Court holding that the judgment of Fulton Superior Court was void. Any subsequent petition seeking a change of custody based on a change in conditions affecting the welfare of the child is limited to matters transpiring subsequent to this award. *Redmond v. Walters,* 229 Ga. 713, 714 (194 SE2d 254).

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 12, 1974 — DECIDED APRIL 4, 1974 — REHEARING DENIED APRIL 23, 1974.

*Jack P. Turner,* for appellant.
*McCurdy, Candler & Harris, Jerry L. Stepp, George H. Carley,* for appellee.