## 51841. WILLOUGHBY v. THE STATE.

WEBB, Judge.

Ella Willoughby appeals from her conviction of theft by taking and disorderly conduct. *Held:*

1. (a) The jurat of the affidavit upon which the theft by taking accusation is based is not signed. Consequently the affidavit is void and the conviction for theft by taking a nullity. *Scroggins v. State,* 55 Ga. 380; *Gilbert v. State,* 17 Ga. App. 143 (86 SE 415). Accord, *Chauncey v. State,* 129 Ga. App. 207, 208 (2) (199 SE2d 391). Cf. *State v. Barnett,* 136 Ga. App. 122 (220 SE2d 730). (Complaint or affidavit for search warrant must be signed).

(b) The state contends that the accusation and conviction are saved from the holdings in the cases cited above because a blanket affidavit covering some 16 individuals, including appellant, was properly sworn to and signed. The accusation under which appellant was tried, however, was not based upon this affidavit but "upon affidavit as above set forth," which is the void affidavit.

2. The disorderly conduct ordinance under which appellant was convicted provides that it shall be unlawful for any person to behave in a disorderly manner within the city limits "to the disturbance or annoyance of the peaceful inhabitants thereof." While the evidence shows that appellant became obstreperous and resisted going with the security guards to the security office, the record is silent as to whether others in the store were disturbed by or even witnessed these proceedings. Consequently the conviction for disorderly conduct must be reversed upon the general grounds. "To be guilty of 'disorderly conduct,' the public or some member thereof must be disturbed." *Williams v. City of Atlanta,* 61 Ga. App. 606, 608 (7 SE2d 82).

*Judgments reversed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 4, 1976 — DECIDED FEBRUARY 12, 1976 — REHEARING DENIED FEBRUARY 26, 1976.

*Larry L. Taylor,* for appellant.

*Robert G. Johnston, Assistant Solicitor,* for appellee.