## 30993. ALLSOP v. ALLSOP.

UNDERCOFLER, Presiding Justice.

This appeal is from the award of the two minor children to the mother after a divorce proceeding. *Held:*

1. There is no merit in the contention of the appellant father that the trial court erred in not stating in its decree the party to whom the divorce was granted. The decree provided that the divorce decree dated May 13, 1975, was incorporated into the custody decree and provided that the court found in favor of the plaintiff mother and granted a divorce between the parties.

2. The custody of the children was determined at a hearing by the trial court without a jury after the divorce had been previously granted. The order of the trial court stated that the mother "is a fit mother, and that the defendant has failed to present any evidence that would convince this court otherwise, and that what evidence was presented by the defendant, or was attempted to be presented by the defendant, would under no circumstances sustain this court's exercising its discretion in order to justify a change of custody or to award custody of the children to the defendant." Since the trial court held that the evidence which the defendant father attempted to introduce into the record would under no circumstance justify a change of custody in the exercise of the court's discretion, the defendant's claim that the trial court erred in excluding certain evidence at the trial will not be considered by this court.

3. After the evidence in the custody proceeding was heard by the trial court, it requested a post-trial investigative report of the Chatham County Department of Family and Children Services as to the conditions and surrounding environment of the home of the mother and children. After this report was received, the trial court made a detailed findings of fact and conclusions of law order. These findings of fact were specifically made from the evidence presented in the trial of the custody case. There is nothing in the findings which indicates that the trial court considered the report of the Department of Family and Children Services in making its award.

Therefore, the case of *Gray v. Gray,* 229 Ga. 460 (1) (192 SE2d 334) (1972) relied on by the father is distinguishable from the case at bar. The contention of the appellant that the trial court considered the report in its determination of the custody question is not sustained by its findings of facts.

4. The appellant contends that the trial court erred in awarding the custody of the two and four-year-old children to their mother. The evidence in this case is conflicting as to the respective fitness of the mother and father to have custody of the children. However, the trial court in the exercise of its discretion awarded the children to the mother whom it found to be a fit mother. We can not say that the trial court abused its discretion under this evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1976 — DECIDED APRIL 27, 1976.

*Paul R. Koehler,* for appellant.
*Larry W. Thomason,* for appellee.