## 56897. WOOD v. HAYNES.

BIRDSONG, Judge.

Judge Wood of the Municipal Court of Macon and the City of Macon appeals the grant of certiorari by the superior court and the dismissal of a disorderly conduct charge against the appellee, Haynes.

The evidence showed that Haynes became engaged in an altercation with a female companion, who called the police to have Haynes removed from her premises. The police officer found Haynes on the front porch of the house and suggested that Haynes leave. Haynes walked to an adjacent empty lot and seated himself on a chain or cable stretched at the property line. When the officer suggested that Haynes leave the area entirely, Haynes declined and uttered certain opprobrious words, though they apparently were not directed particularly at the officer.

Nevertheless, the police officer arrested Haynes because Haynes stated he was not going to leave the area and because of the use of the profane language. On a motion for directed verdict, Judge Wood concluded that the language was uttered in the presence of the woman companion and therefore constituted a disturbance of the peace in the presence of a member of the public. Subsequently, it developed that the woman did not overhear the conversation between Haynes and the police officer, though there was a possibility that another person might have. On the basis of this evidence. Haynes was found guilty of disorderly conduct.

Haynes petitioned successfully for certiorari to the superior court. That court re-evaluated the evidence and found no "member of the public" was present at the time the words were spoken by Haynes. Thus, the superior court concluded that a breach of the peace was not shown, and dismissed the charge. Appellants bring this appeal urging that the superior court erred in re-evaluating the evidence rather than applying the "any evidence rule" and in concluding that profane language in the presence of a police officer does not amount to a breach of public tranquillity in the presence of a "member of the public." *Held:*

1. We affirm. "The function of a judge of the superior court, in reviewing the evidence on certiorari, is very similar to that which he exercises in reviewing the evidence upon a motion for new trial. It involves a right and a discretion with which trial judges are clothed, but which reviewing courts do not possess. It is an original discretion, and with it is coupled the right to pass upon the credibility of the witnesses." *Atlantic C. R. Co. v. Thomas,* 12 Ga. App. 209, 211 (77 SE 13). See *Brown v. Mosteller,* 181 Ga. 457, 458 (182 SE 519); *Connally Realty Co. v. Nalley,* 38 Ga. App. 292 (1) (143 SE 786).

2. Pursuant to the power vested in the court reviewing the evidence on certiorari, the superior court concluded from the evidence that the words spoken by Haynes were spoken in the presence of and could have been heard only by the arresting police officer.

In cases that are similar in facts to the present case, that is, where the conduct of which complaint was made

was observed or overheard only by officers charged with law enforcement, the courts of this state have held that there was no showing that a member of the "public" had been or could have been disturbed in his tranquillity or peace. See *Garvin v. Mayor &c. of Waynesboro,* 15 Ga. App. 633 (84 SE 90); *Douthit v. City of Blue Ridge,* 13 Ga. App. 645 (79 SE 744). In one of its pronouncements, this court held: "To be guilty of 'disorderly conduct,' the public or some member thereof must be disturbed." *Williams v. City of Atlanta,* 61 Ga. App. 606, 608 (7 SE2d 82). To the same effect, see *Kahn v. City of Macon,* 95 Ga. 419 (22 SE 641); *Willoughby v. State,* 137 Ga. App. 789 (225 SE2d 65); *Johnson v. State,* 111 Ga. App. 298, 308 (141 SE2d 574); *Williams v. City of Valdosta,* 47 Ga. App. 810 (171 SE 553). In each of the above-cited cases, the conduct occurred in the presence of the arresting officers and in each case, it was held that no "member of the public" had been offended; thus, there was an insufficiency of evidence. We concur with the superior court in reaching that same result.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 31, 1978 — DECIDED JANUARY, 9, 1979.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson,* for appellant.

*Robert E. Steele, Jr.,* for appellee.