## 36365. McBRAYER *v.* BALLENGER.

Decided November 20, 1956.

*James R. Murphy, Thomas B. Murphy, Murphy & Murphy,* for plaintiff in error.

*Harold L. Murphy, D. B. Howe,* contra.

FELTON, C. J. 1. Special ground 1 of the amended motion for new trial complains of the following charge: "I charge you, gentlemen, if you find in this case from the evidence that if, as the automobile in which the plaintiff was a passenger, or a guest in this case, approached the automobile of the defendant, an emergency arose, and that the emergency was proximately caused by the negligence of the defendant, as contended by the plaintiff, and that in order to avoid a collision and consequent injury, plaintiff's husband swerved and turned his automobile to the left side of the road, and that the collision occurred on the left side of the road, and his action in turning his automobile to the left of the highway was in the exercise of reasonable care and prudence, such as a man would naturally use in an endeavor to avoid injury, the plaintiff may recover in this case, although the law of the road and the law of the State requires drivers of vehicles to keep to the right side of said highway in the direction in which the vehicles are traveling."

It is contended that the charge was not authorized by the plaintiff's pleadings.or evidence because such pleadings and evidence were to the effect that the collision occurred near the center of the highway and not on the left side of the highway in the direction in which the plaintiff's husband was proceeding. The contention is without merit. The plaintiff alleged that the collision occurred near the center of the highway and further alleged that the plaintiff's husband left his side of the road in an effort to avoid the defendant's oncoming vehicle which was weaving back and forth across the highway. The plaintiff's evidence was to the same effect. The defendant's evidence was that the collision did not occur near the center of the highway but completely on his side of the road. The court's charge was correct and adjusted to the pleadings and evidence. So far as the principle of law contained in the charge is concerned, it made no difference in this case whether the collision occurred in the center of the road or completely on the defendant's side of the road, because the essence of such principle as applied to the pleadings and evidence in this case was that if the jury should find the plaintiff's

husband drove from his side of the road, where the law normally requires him to drive, because of an emergency and that the emergency was proximately caused by the defendant's negligence, and that in doing so he acted as a reasonably prudent man under the circumstances, he would not be negligent in leaving his side of the road whether he had only driven to the center of the highway or completely to the other side.

2. Special ground 2 of the amended motion for new trial complains that the court erred in failing to charge that the plaintiff could not recover if her injuries were proximately caused by her own negligence or if by the exercise of ordinary care she could have discovered and avoided the consequences of the defendant's negligence. The ground is without merit. There was no evidence from which the jury could find that the plaintiff's riding as a guest in her husband's automobile was negligent in any manner.

3. Special ground 3 assigns error on the following charge: "I charge you, gentlemen of the jury, that if you find in this case under the evidence that Mrs. Ballenger, the plaintiff, was a passenger, or, in this case, a guest in the automobile which was driven by her husband, C. L. Ballenger, and that she had no control of the movements of the automobile and was not the owner of the automobile, that any negligence, if any, of Mr. Ballenger would not be attributable or imputable to her." The plaintiff in error contends that said charge was incomplete and contends that the following additional charge should have been given: "That if, under the evidence in the case, plaintiff was under a duty to control or influence her husband's conduct in the operation of his automobile, any negligence of her husband, which contributed to causing the collision, would be imputable to plaintiff, and plaintiff would be responsible for the conduct of her husband in the operation of his automobile in such case." The charges are identical in principle; therefore, the ground is without merit.

4. The charge which the plaintiff in error in special ground 4 contends that the court should have given was sufficiently covered in the court's charge.

5. The court sufficiently charged on the questions of proximate cause and concurring negligence; therefore, special grounds 5, 6, and 7 of the amended motion are without merit.

6. Special ground 8 of the amended motion for new trial complains that the court did not sufficiently charge on proximate cause and concurring negligence, and is without merit for reasons already given in the opinion.

7. Special ground 9 of the amended motion complains that the court over objection allowed in evidence the testimony of a police officer relating to certain tests he made in relation to what distance is required to stop an automobile at various speeds. There was no error in admitting the testimony. "Where it is desired to use one thing, act or transaction in comparison with another to illustrate some condition, such as, in this case, safety, it is necessary that such conditions be substantially similar. See *Dunn* v. *Beck*, 144 *Ga.* 148 (86 S. E. 385); *Atlanta Ice & Coal Co.* v. *Mixon*, 126 *Ga.* 457 (55 S. E. 237)." *Sammons* v. *Webb*, 86 *Ga. App.* 382, 388 (71 S. E. 2d 832). The conditions under which the tests testified to were made were sufficiently similar to those surrounding the occurrence of the collision in the instant case to give the results of such tests probative value. The defendant was driving a 1955 Chevrolet automobile and the weather was fair and dry. The tests were conducted with a 1955 Chevrolet automobile in fair, dry weather on the same stretch of highway where the collision occurred and the automobile was being driven in the same direction in which the defendant was driving at the time of the collision. See 5 Am. Jur., Automobiles, p. 856, §§ 643, 644.

8. To fully understand the exception contained in special ground 10 of the amended motion, we will quote from that special ground: "Because the court erred in keeping the jury in the jury room and in constant and continuous deliberation from 11:30 o'clock, a.m., on February 7th, 1956, the time and date said jury was sent to the jury room to begin their deliberations, to 12:15, a.m., on February 8th, 1956, the time and date said jury returned said verdict into court, without allowing said jury to retire for the night, and without allowing said jury any break in their deliberations except for meals.

"By way of amplification of the facts touching the deliberations of said jury, movant shows that on February 7th, 1956, at 12:30 o'clock p.m., the jury was sent to a public restaurant for the noon meal and that said jury returned to the jury room at

approximately 1:30 p.m., on said date to resume their deliberations; and, that on said date at approximately 6:00 o'clock p.m. said jury was sent to a public restaurant for their dinner and that said jury returned to the jury room to continue their deliberations at approximately 7:00 o'clock p.m.

"Movant further shows that sometime after 7:00 p.m. on said night of February 7th, 1956, the jury sent word to the court, by and through the bailiff in charge of said jury, that they could not make a verdict; and, movant further shows that at 11:45 p.m. on said night, the court under agreement of counsel for both parties, brought said jury into the courtroom, and inquired of the foreman as to whether the jury was making any progress, and that the foreman replied in language of an affirmative nature and further stated that he thought they could make a verdict if they had enough time; and, that the court, at said time, sent the jury back to the jury room to resume their deliberations.

"Movant shows that, after said jury returned their verdict into court, counsel for movant moved that the jury be polled, and that the jury was duly polled by the clerk at the direction of the court, and that each juror answered in the affirmative to the statutory question of whether the verdict was the verdict of the juror.

"Movant further shows that, prior to the rendition of said verdict, the court did not in any way or manner indicate to the jury that they would be permitted at any time during said night to retire and rest from their deliberations in the case; but, movant further shows that no member of the jury, at any time, made any complaint to the court as to the length of time they were being kept in deliberation."

It is contended by the plaintiff in error that the jury under the circumstances was "forced" and "coerced" in reaching a verdict. It is sufficient to say without any discussion that the ground is without merit. See *Atlanta, B. & C. R. Co.* v. *Thomas*, 64 *Ga. App.* 253 (1) (12 S. E. 2d 494) and cases collected under § 314 (1), 20 Ga. Dig., Trial, p. 475.

The plaintiff in error expressly abandoned the general grounds of the amended motion for new trial.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*