36550. STANFIELD *v.* JOHNSON *et al.*

DECIDED FEBRUARY 26, 1957—REHEARING DENIED MARCH 20, 1957.

*Hollis Fort, Jr., Fort & Fort, A. C. Felton, III,* for plaintiff in error.

*W. T. Roberts, Martin, Snow & Grant, Harris, Russell, Weaver & Watkins, W. F. Blanks,* contra.

NICHOLS, J. The plaintiff sought to recover for the death of his daughter who, according to the allegations of the petition, died as the result of injuries received in an automobile collision. It was alleged that the deceased left no husband or children surviving and that her mother predeceased her, that the automobile of the defendant Charles Buford Johnson, Sr., was being used by his son and that the truck of the defendant Wilbur Rodgers was being operated by his son, that both of these defendants were liable under the family-car doctrine, and that the plaintiff's daughter was a guest in the automobile owned by the defendant Johnson at the time of the collision.

In addition to the above it was alleged that at about 11:30 p.m.

on July 3, 1955, the defendant Johnson's automobile was parked without any lights at a point near where the paved portions of State Highways 26 and 49 intersect in Macon County, Georgia, that such automobile was not illuminated, that it was parked about 35 feet from each of the center lines of these two highways, that such automobile was not on the paved portion of these two highways but was on an improved portion of these two highways at a point generally used by the traveling public as a short cut and at a point where the vehicles traveling from one highway to the other come in conflict, that the vehicle was parked near some signs placed by the State Highway Department so that it was not visible for 200 feet as required by law, that near the signs placed by the State Highway Department the Gulf Oil Corporation had placed a sign on a steel pole, about 6 inches in diameter and 15 feet high, imbedded in the ground so that it was immovable, that the sign erected and maintained by the Gulf Oil Corporation was illegally erected and maintained on the highway and its erection and maintenance constituted a public nuisance and amounted to negligence per se, that in addition to being a short cut between the two highways the boundary line of the two rights-of-way formed the boundary of land used as a filling station and cafe, that the place where the Johnson automobile was parked was also used as an exit and entrance to a drive-in movie, and that the Johnson automobile was not parked at the above described place by necessity but because of the voluntary choice of the defendant Johnson's son. The petition then alleged that while Rodgers' truck was being driven by his son at a rate of speed of 75 miles per hour it left the paved portion of State Highway 49 and traveled over the described area, that at such rate of speed the driver failed to have such vehicle under control so as to be able to avoid striking the Johnson automobile, that the Rodgers truck did strike the Johnson automobile under such circumstances, pushing the Johnson automobile until it struck the steel pipe erected and maintained by the Gulf Oil Corporation, and that when the Johnson automobile struck the steel pipe it threw the plaintiff's daughter out of the door of the Johnson automobile causing the injuries that resulted in her death.

The petition charged negligence against the defendant Johnson in that his son had violated various named Code sections prohibiting the parking of motor vehicles in the place and under the circumstances shown above. Rodgers was charged with negligence in operating the truck owned by his father in excess of the lawful speed and in operating such truck so that he did not have it under control so as to be able to avoid striking the Johnson automobile. Gulf Oil Corporation was charged with negligence in having erected and maintained its sign on the steel pipe on the right-of-way of the two highways.

The instant case is before this court on general demurrers interposed by two of the defendants, and if the allegations of the petition, when taken as true, although construed most strongly against the plaintiff, are sufficient to support a finding for the plaintiff then the issue made should be submitted to a jury and not decided as a matter of law.

1. As to the Gulf Oil Corporation it was alleged that this defendant had erected and maintained a steel pipe 6 inches in diameter (on which a sign was hung) *on the right-of-way of the State highways referred to in the petition,* that the automobile in which the deceased was a guest was struck and pushed against the steel pipe with such force that the impact from the collision of the automobile with the pipe and the collision between the truck and automobile tore the door from the automobile in which the deceased was riding and threw her out of the automobile causing the injuries which resulted in her death.

Code § 95-2002 prohibits signs, other than signs erected by certain public agencies, from being erected on the rights-of-way of this State's highways, and Code § 95-9914 makes it a misdemeanor to violate this section, and although Code § 95-2006 refers to the erection of signs that obstruct the view of one portion of a highway to another, it has reference only to signs not on the right-of-way but upon adjoining property and has no reference to Code § 95-2002.

The allegations of negligence with reference to the erection and maintenance of the steel pipe on which the Gulf Oil Corporation's sign was hung alleged negligence per se as to this defendant, and in view of the allegations that the plaintiff's

daughter was thrown from the automobile in which she was a guest, not merely from the impact of the truck with such automobile, but from the impact of the automobile with the steel pipe after it was struck by the truck of the defendant Rodgers, such allegations of negligence are good as against general demurrer unless such negligence is too remote to have been a concurring proximate cause of the injury.

In addition to the allegations of the petition shown above it was also alleged that the erection and maintenance of the steel pipe by Gulf Oil Corporation acted as an invitation to the defendant Johnson's son to illegally park the automobile, in which the plaintiff's daughter was a guest, on the right-of-way where the collision occurred. These allegations taken in connection with the allegations with reference to the illegally erected and maintained sign make a question for the jury as to whether the negligence of the Gulf Oil Corporation was a concurring proximate cause of the injury. Therefore the trial court erred in sustaining this defendant's general demurrer to the petition. As to concurring proximate causes generally, see *A. C. L. R. Co.* v. *Coxwell*, 93 *Ga. App.* 159, 161 (91 S. E. 2d 135), and *Taylor* v. *Atlanta Gas Light Co.*, 93 *Ga. App.* 766 (92 S. E. 2d 709), and cases cited.

2. The allegations of the petition, with reference to the defendant Johnson, show that the plaintiff's daughter was a guest in Johnson's automobile at the time she received the injuries that later caused her death, and therefore in order for the petition to withstand the general demurrer interposed by this defendant the allegations must be sufficient to support a finding that the driver was guilty of gross negligence in parking the automobile at the place in question, since the petition alleged that the plaintiff's daughter was not familiar with the place in question and did not know that it was a well traveled part of the highway.

It was alleged that this car was parked on a highway at night without any lights on and without any outside illumination sufficient to illuminate the automobile as required by law, that the driver of the automobile knew that the place where he had parked the automobile was an improved part of the unpaved portion of the highway, that this portion of the highway, where

the automobile was parked, was used by the public in going from one highway to the other, and that such automobile was not parked so that a clear unobstructed view of such automobile was available from a distance of 200 feet in either direction upon the highway.

The contention of this defendant is that, since it affirmatively appears from the petition that the automobile was not parked on the paved portion of the highway, or upon a shoulder adjacent thereto, the allegations of negligence per se must fall. This contention is without merit inasmuch as the petition alleged that the place where the automobile was parked "was upon the main traveled part of the highway and the automobile so parked . . . . did not leave room for the free passage of other vehicles from State Route No. 49 to State Route No. 26."

The Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 561; Code, Ann. Supp., § 68-1504 (1) (a)), defines a street or a highway as "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." "The venerable and familiar rule is that except in plain and indisputable cases where reasonable men could not entertain opposite views of the matter, the questions of whether the host's conduct is negligence, the classification of his negligence as slight, ordinary, or gross and whether his negligence was the proximate cause of the plaintiff's injuries are questions for the jury. *Eubanks* v. *Akridge*, 91 *Ga. App.* 243 (85 S. E. 2d 502) ; *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (2) (57 S. E. 2d 18) ; *West* v. *Rosenberg*, 44 *Ga. App.* 211 (160 S. E. 808)." *Werbell* v. *Walters*, 93 *Ga. App.* 378, 389 (91 S. E. 2d 841).

The allegations of the petition in the present case which set up negligence per se as to this defendant's son would, if supported by competent evidence, authorize the jury to find that the parking of the automobile on an improved portion of the highway at night without the illumination required by law, and not in a place where it was visible as required by law, and at a place that he knew was a well traveled part of the highway, amounted to gross negligence on the part of the son of the defendant Johnson, and for this negligence the defendant would be liable under

the family-car doctrine. Therefore the trial court erred in sustaining the general demurrer interposed by this defendant.

*Judgment reversed. Gardner, P. J., and Quillian, J., concur. Felton, C. J., disqualified.*