39374. BEADLES et al. v. SMITH.

DECIDED APRIL 25, 1962—REHEARING DENIED MAY 16, 1962.

32

*Larry E. Pedrick, H. J. Quincey,* for plaintiffs in error.

*Elie L. Holton, George R. Jordan, J. Laddie Boatright,* contra.

EBERHARDT, Judge. ■ The allegations of the petition were sufficient to withstand a general demurrer. *Stanfield v. Johnson,* 95 Ga. App. 349 (98 SE2d 106). A plaintiff is not ordinarily required to negative contributory negligence on his part in his petition. *Central Ga. Elec. |&c. Corp. v. Heath,* 60 Ga. App. 649, 651 (4 SE2d 700). The contention that plaintiff's husband could have avoided the consequences of defendant's negligence by the exercise of ordinary care is not demanded as a matter of law from the facts pleaded, and is a matter of defense.

■ Special grounds of demurrer 2, 4, 5, 6, 7, 10 and 12 attack as being repugnant and contradictory allegations of the petition that defendants' tractor-trailer was parked "within the immediate and improved portion of the aforesaid intersection," and that it was 231 feet from the point where the western edge of the paved portion of Highway No. 158 intersects with the northern edge of the paved portion of Highway No. 82. We think that these grounds of demurrer were properly overruled. A factual situation which closely parallels that here, and where the type of intersection is practically identical with that here, was involved in *Stanfield v. Johnson,* 95 Ga. App. 349, supra (reversed as to another party on other grounds, *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, 99 SE2d 209), where it was settled that the traveled portion of the triangular area in the "Y", used by vehicles in turning from one highway into the other, is a part of the road or highway within the meaning of the Code sections regulating traffic on the highways, though that area was not paved. There was no contradiction or repugnancy in the allegations here.

■ Special demurrers numbered 3, 10 and 11 attack the allegations of the petition relative to the presence of a stop sign, and the parking of the vehicle within the prohibited distance as contained in *Code Ann.* § 68-1670 (a7) (Ga. L. 1953, Nov. Sess., p. 598) on the grounds that the petition fails to allege that the stop sign was located on or was intended to control traffic on the highway over which plaintiff's husband traveled, and that it does not appear that parking the tractor-trailer in proximity thereto was the proximate cause of his injuries. Since questions of causation and proximate cause are for the jury (*Charles v. Raine,* 99 Ga. App. 1, 107 SE2d 566), it was not error to overrule these grounds of demurrer.

■ Special demurrer numbered 8 attacks allegations that defendants had parked an unlighted vehicle at a time, place and manner in violation of *Code Ann.* § 68-1710 (a) (Ga. L. 1953, Nov. Sess., p. 606) because the facts pleaded as to where the tractor-trailer was parked show that it was off the highway and thus not parked in violation of the Code section. Again, we think that the case of *Stanfield v. Johnson,* 95 Ga. App. 349, supra, settles the matter and the overruling of the demurrer was not error.

■ Special demurrer numbered 9 attacks the allegation that the tractor-trailer was parked in a manner in violation of *Code Ann.* § 68-1668 (a) (Ga. L. 1953, Nov. Sess., p. 597) requiring that an "unobstructed width" opposite the parked vehicle be left for the passage of others, on the ground that other allegations of the petition disclose that there was no violation of this Code section. Whether there was a violation is, in our opinion, a factual question to be determined by the jury, and there was no error in overruling this ground of demurrer.

■ The evidence was sufficient to authorize a finding that defendants' tractor-trailer was parked in an unlawful manner on a portion of the highway used for travel, and that such parking was a negligent act. While the circumstantial evidence as to speed, visibility of the truck to one who might approach it as plaintiff's husband was doing, etc., is sufficient to authorize a finding that plaintiff's husband might, by the exercise of ordinary care, have avoided the consequences of defendants'

■

negligence, yet we do not think that it demanded such a finding. Thus, the overruling of the motion for judgment non obstante veredicto and the overruling of the general grounds of the motion for new trial were not error.

Special ground 4 of the motion for new trial assigns error on the failure of the court to charge that if plaintiff's husband could, by the exercise of ordinary care, have avoided the consequences of defendants' negligence, there could be no recovery. The issue was clearly made both by the pleadings (defendants' answer) and by the evidence, and it was incumbent upon the court to charge the principle of *Code* § 105-603, even in the absence of any written request. *Wells v. Steinek*, 49 Ga. App. 482 (176 SE 42); *Atlanta &c. R. Co. v. Gardner*, 122 Ga. 82 (7) (49 SE 818); *Central of Ga. R. Co. v. Prior*, 142 Ga. 536 (3) (83 SE 117).

Since a new trial must result, it is not likely that other errors complained of will recur, and no ruling is now made thereon.

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*