## 24446. HOBBY v. EUBANKS.

NICHOLS, Justice. 1. "This court has held many times that, in a habeas corpus proceeding involving a contest between parents over the custody of minor children, the award made by the trial judge based upon the evidence, and in the exercise of a sound discretion, will not be controlled by this court. This is true for the reason that the law puts upon the trial judge the duty of exercising a sound discretion in such cases, looking always to the best interest and welfare of the children. He has the parties before him, he sees and hears the witnesses testify, and is in a much better position to determine what is to the best interest of the children than is this court, which must rely only upon the record. *Weathersby v. Jordan,* 124 Ga. 68 (2) (52 SE 83)." *Good v. Good,* 205 Ga. 112, 114 (52 SE2d 610).

2. "This court will not reverse the judgment of a trial judge in a habeas corpus proceeding, returning minor children to the parent having legal custody under a divorce decree, unless the evidence demanded a finding that there had been a change of circumstances detrimental to the welfare of the children since the date of the custody decree." *Wills v. Glunts,* 222 Ga. 122 (149 SE2d 106).

3. The transcript of the evidence in the present case consists of 75 pages, and even assuming but not deciding that evidence was adduced which would have authorized the trial court to change the custody of the children from the parent who had

been awarded custody in the divorce proceeding, it cannot be said that such a finding was demanded, and the judgment leaving custody in the mother who had been awarded their custody in the prior divorce proceeding was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1968—DECIDED JANUARY 18, 1968.

*John R. Rogers,* for appellant.
*Smith, Gardner, Wiggins & Geer, Peter Zack Geer,* for appellee.