## 24591. BODREY v. BODREY.

NICHOLS, Justice. In 1967 the plaintiff and defendant were divorced and custody of the couple's one minor son was awarded to the defendant wife. Thereafter, in December 1967, the

plaintiff husband filed the present action in the nature of habeas corpus in which he sought custody of the child. The trial court granted custody of the child to the father and further ordered termination of child support payments to the wife and that the father retain such funds. for the purpose of supporting the minor child. It is from this judgment that the child's mother appeals.

1. The trial court properly limited the scope of the inquiry to facts which showed a change in the conditions after the original award of custody and which dealt with the fitness of the parents after the grant of the divorce. See *Mallette v. Mallette,* 220 Ga. 401 (139 SE2d 322), and citations.

2. The eighth enumeration of error complains that the trial court erred in admitting evidence of alleged misconduct on the part of the defendant obtained by trespassing and spying on her. No objection was made to such testimony on the trial of the case and such alleged error cannot be considered where no question as to its admissibility was raised in the trial court. See *Queen v. Hunnicutt,* 220 Ga. 89 (3) (137 SE2d 45).

3. " 'This court has held many times that, in a habeas corpus proceeding involving a contest between parents over the custody of minor children, the award made by the trial judge based upon the evidence, and in the exercise of a sound discretion, will not be controlled by this court. This is true for the reason that the law puts upon the trial judge the duty of exercising a sound discretion in such cases, looking always to the best interest and welfare of the children. He has the parties before him, he sees and hears the witnesses testify, and is in a much better position to determine what is to the best interest of the children than is this court, which must rely only upon the record. *Weathersby v. Jordan,* 124 Ga. 68 (2) (52 SE 83).' *Good v. Good,* 205 Ga. 112, 114 (52 SE2d 610)." *Hobby v. Eubanks,* 224 Ga. 51 (1) (159 SE2d 701).

(a) The evidence, while not without conflict, authorized the judgment of the trial court removing the custody of the child from the mother and placing such custody in the father.

4. The award of alimony in the original divorce decree was for "permanent alimony and support *for his minor child,* namely, Russell Anthony Bodrey . . . until said minor child attains the age of twenty-one years, marries, becomes self-supporting or dies, whichever occurs first." (Emphasis sup-

plied.) The award was for the support of the child, was payable originally to the wife because she had custody of the child, and that part of the decree in the present action ordering the husband to retain the amount ordered to be paid monthly in the original decree and to use it for the support of the child was not a revision of the amount of alimony under the Act of 1955 (Ga. L. 1955, p. 630; *Code Ann.* § 30-220 et seq.). See *Northcutt v. Northcutt,* 220 Ga. 245 (138 SE2d 377).

5. The prayer in the wife's answer "that plaintiff be ordered by the honorable court to pay the $50 which he is in arrears under said decree [in the divorce action] for the child's support," was not passed upon by the trial court. Such procedure was not harmful to the defendant wife inasmuch as the husband had previously been "ordered" by the original decree to make such payment and another "order" would not be necessary to enforce such payments by the methods authorized by law. See *Lipton v. Lipton,* 211 Ga. 442 (86 SE2d 299); *Lennett v. Lutz,* 215 Ga. 369 (110 SE2d 628), and citations.

*Judgment affirmed. All the Justices concur.*

Argued May 13, 1968—Decided May 23, 1968.

*Guy V. Roberts, Jr., Wright & Reddick, Graydon D. Reddick,* for appellant.

*Bloodworth & Bloodworth, J. Alton Gladin, Luther U. Bloodworth, T. Coleman Bloodworth,* for appellee.