44614.   AMERICAN FAMILY LIFE ASSURANCE COMPANY v. WELCH et al.
44629, 44630.   WELCH v. PIONEER AMERICAN INSURANCE COMPANY et al.; and vice versa.

ARGUED JULY 7, 1969—DECIDED SEPTEMBER 3, 1969—
REHEARING DENIED SEPTEMBER 22, 1969—

338

*Wright, Walther & Morgan, Clinton J. Morgan, O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen,* for American Family Life.

*Mitchell & Mitchell, Warren N. Coppedge, Jr., James B. Langford,* for Welch.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for Pioneer American.

FELTON, Chief Judge. ■ Case 44614. The court erred in overruling the motion for a judgment n.o.v. filed by American Family Life Assurance Company. The contract shows clearly on its face that it does not give the employer the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity with the contract; nor did the contract reserve the right of control. *Blair v. Smith,* 201 Ga. 747, 748 (41 SE2d 133); *American Cas. Co. v. Smith,* 116 Ga. App. 332 (2) (157 SE2d 312). There was no evidence whatever

to show that the employer assumed, outside of the contract, control of the time, manner and method of executing the work. Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. *Morris v. Constitution Publishing Co.,* 84 Ga. App. 816, 819 (67 SE2d 407). *Gulf Life Ins. Co. v. McDaniel,* 75 Ga. App. 549, 560 (43 SE2d 784) is distinguishable from this case by reason of the obvious provisions in that case showing the right to control and exercise of control by the insurance company.

■ Case 44629. The court erred in granting the motion for a judgment n.o.v. filed by Pioneer American Insurance Company. The provisions of the contract closely resemble those of the contract discussed in Division 1 with two vital exceptions. The contract dealt with here does not expressly provide that the agent be considered an independent contractor. Such a provision will not necessarily control as to what the relationship between the parties is. But regardless of this difference the contract itself reserves to the insurance company the right in the future to make rules binding on the agent which might give the company the right to control the time, manner and method of executing the work and this alone constitutes the party contracting with the employer an agent rather than an independent contractor in the absence of a clear provision that the future rules would not give the employer the control which would result in the agency relationship. The evidence authorized the finding that the agent was within the scope of his employment when the accident occurred. At the time of the accident the agent Ralston was on his way to Redbud High School primarily to talk with prospects for policies issued by American Family Life, with which company he occupied the status of an independent contractor. He testified that he was working in the furtherance of his business of selling insurance and that he had already formulated in his mind a program to sell insurance for Pioneer American to the same people he was negotiating with for American Family Life, and that he had already talked to the school superinten-

dent about it. He also testified that at the same time that he was discussing American Family Life insurance he was cultivating their good will toward himself with the idea of selling a Pioneer American policy in addition to an American Family Life policy. The jury was authorized to find that at the time of the accident Ralston was also acting as agent for Pioneer American in the prosecution of its business.

3. Case 44630 (Cross appeal to 44629). The ruling hereinbefore made to the effect that the court erred in granting Pioneer American's motion for a judgment n.o.v. covers the general grounds of Pioneer's motion for a new trial on the general grounds and we proceed to a consideration of the other special grounds of the motion for a new trial which Pioneer contends should have been sustained in the alternative, the motion for judgment n.o.v. having been granted.

It was not error for the court to refuse to admit in evidence a State Patrol accident report which contained objectionable matter. The mere offer, by the party seeking to introduce the report, to delete the objectionable material from the report, is not sufficient for the purpose of obtaining a ruling by the court. To be good, the record must show exactly what was intended to be introduced. Whether the court's ruling was correct for additional reasons is not decided.

These grounds of the amended motion complain that the court erred in failing to charge on comparative negligence as between the plaintiff's deceased and Raymond Ralston. This issue was not raised both by the pleadings and the evidence and it was not error to fail to charge on the subject without a request, and an objection to the charge later made does not preserve the complaint. Any other conclusion would nullify the law as to when a written request to charge is required before an objection can be made to a failure to charge.

There was no error in failing to charge on contributory negligence as it related to the conduct of the plaintiff's deceased. This defense was not pleaded and the charge was not required, even assuming that the evidence alone authorized it. The cases cited by cross appellee holding that the charge was required without a request are based on different factual situa-

tions which do not exist in this case. These cases are: *Central of Ga. R. v. Prior,* 142 Ga. 536 (83 SE 117); *Beadles v. Smith,* 106 Ga. App. 31 (126 SE2d 250) and *Reynolds v. Rentz,* 98 Ga. App. 4 (104 SE2d 608).

It was not error to fail to charge on the law relating to the failure of the plaintiff's deceased to exercise care for his own safety. There was no pleading raising this issue and since the court did not charge on comparative negligence it was not required to charge the avoidance rule.

It was not harmful error to charge the jury that if they found that Pioneer American exercised control over the time, manner and method of Ralston's work, agency would exist. We have ruled in Division 2 that as a matter of law Pioneer American reserved the right to exert control. The charge was harmless.

Under the circumstances shown by the record the court did not err in refusing to declare a mistrial. Immediately after the jurors returned to the jury room after having had their supper it was reported to the court that some of them made telephone calls with a bailiff's permission. The judge called the jury in and inquired how many had made such calls. Five jurors answered that they had. The judge then inquired whether on such calls the jurors had discussed the case. The record shows that one juror stated that he called his wife and notified her that he did not know what time he would be home. After this statement by the juror the record shows as follows: "The Court: 'But you did not discuss the case?' Mr. Juror: 'No Sir.' (All jurors indicate they did not discuss the case by either saying no or nodding head no)."

The judge did not err in denying Pioneer's motion for a mistrial the ground of which was that keeping the jury out beyond midnight constituted an attempt by the court to coerce the jury. The judge completed his charge to the jury at about 6:45 p.m. on December 3, 1968. He then excused the jury for supper and asked them if they felt too sick or ill to begin their deliberation of the case. There being no response, the judge stated that he assumed that all jurors were in good health and feeling well. The jury returned from supper about

8:00 p.m. At about midnight the judge called the jury into the courtroom and asked if they were having any problem. They desired a recharge as to the form of the verdicts. This indicated that they had reached a verdict in matters of substance and were concerned about the forms of the verdicts. Within 40 minutes the jury had returned to the courtroom with a verdict in favor of the plaintiff. The jury then returned to its room and considered the verdict on the cross action and at 12:56 made a verdict thereon. Before the jury went back to its room after the recharge as to form of verdicts the judge stated: "I will say this to you. . . I don't want to say anything that might coerce or unduly influence you. . . [Y]ou are just as well qualified as any jury ever will be in Gordon County to make a verdict in this case. . . I would say that no juror is required to surrender his honest and sincere convictions in any case, but I will let you go back and see if you can make a verdict." The vote was 10 to 2, and the judge stated also: "The ten should strive to see it in the light of the two and the two should strive to see it in the light of the ten and make an honest and conscientious effort to reach a verdict. I would say that no juror is required to surrender his honest and sincere convictions in any case." We see no coercion generally or for one side or the other. As to holding court where the trials did not start at night, see *Atlanta B. & C. R. Co. v. Thomas,* 64 Ga. App. 253 (12 SE2d 494) and *McBrayer v. Ballenger,* 94 Ga. App. 620, 623 (95 SE2d 718).

The court did not err in overruling the amended motion for a new trial filed by Pioneer American Insurance Company.

*Judgments affirmed in part; reversed in part. Pannell and Quillian, JJ., concur.*