25287. WHELESS v. WHELESS.

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 8, 1969.

*S. B. Lippitt,* for appellant.

*Malone, Drake & Malone, Thomas W. Malone,* for appellee.

NICHOLS, Justice. ■ The motion for a stay under the Soldiers' and Sailors' Civil Relief Act of 1940 related solely to the petition seeking to have the husband held in contempt of court for wilfully disobeying the court's order giving custody of the couple's daughters to the wife. Inasmuch as the husband was

not held in contempt, it was not harmful error to overrule the motion for a stay of said proceedings. The answer and cross action to such proceedings, while discussed at the hearing on the motion for a stay, were not filed by the husband until the day following the date of the judgment overruling the motion for a stay and the allegations contained therein would not have the effect of making the prior judgment erroneous.

■ The second enumeration of error complains that the trial court erred in overruling the husband's motion to dismiss the petition seeking to have him declared in contempt of court for failure to state a claim. The final judgment in the case was that the husband was not in contempt of court. The final judgment in the case was a complete victory for the husband on this issue and the antecedent ruling on the motion to dismiss, if error, was harmless. Compare *Friedman v. Goodman*, 219 Ga. 152 (132 SE2d 60).

■ The evidence adduced upon the trial with reference to changed conditions since the original decree of custody was rendered was not such as would demand a finding that the custody of the children should be changed. Under such circumstances, it was not error to refuse to grant the prayers of the husband's cross action seeking custody of the children. See *Hobby v. Eubanks*, 224 Ga. 51 (159 SE2d 701), and citations.

(a) In the absence of a finding that there had been a change in conditions since the original decree of custody was rendered it would have been error to grant the husband's request to require a bond of the wife taking them out of the state since this would constitute a modification of the original decree.

■ The sole remaining question presented concerns the wife's petition for habeas corpus. Error is enumerated because the court considered such petition and the contention is made that the "motion to dismiss for failure to state a claim" as a matter of law raised the issue of the court's jurisdiction to consider such issue where the husband was a nonresident of the county, and service, while he was in the county under process in another case, could not confer jurisdiction on the court in the habeas corpus matter.

This contention is without merit inasmuch as the habeas

corpus case was a separate case from the contempt case and a motion to dismiss filed in one case would not be applicable in another.

While the final judgment in such case listed the docket numbers of both the contempt case and the habeas corpus case, the judgment contained no ruling as to the illegal detention of the children by the husband. However, even assuming that the decision in *Turner v. McGee*, 217 Ga. 769 (125 SE2d 36) (two Justices dissenting), relied upon by the husband, would require a reversal had the trial court expressly granted the writ of habeas corpus prayed for by the wife over proper objection, yet since the other pleadings in the case (the application for an adjudication that the husband was in contempt of court and the husband's application for a change of custody) necessarily would raise the question of which parent was lawfully entitled to custody of the children, the failure to expressly dismiss the petition for writ of habeas corpus does not constitute reversible error.

*Judgment affirmed. All the Justices concur.*