46410.  TIDWELL COMPANY et al. v.
ROBLEY HATS, INC. et al.

ARGUED SEPTEMBER 16, 1971—DECIDED NOVEMBER 5, 1971—
REHEARING DENIED NOVEMBER 23, 1971.

104

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker, George W. Williams, Jr.,* for appellants.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr., Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, Michael C. Murphy,* for appellees.

EBERHARDT, Judge. ■ The motion for new trial as to Georgia Power Company was denied January 21, 1971, and the order was filed with the clerk of the court January 25. On March 30, 1971, the motion was denied as to Robley Hats. The notice of appeal, dated April 23, and filed April 26, is only as to the order dated March 30. Consequently, there is no appeal from the order denying the new trial as to Georgia Power Company.

■ (a) Enumerated as error is the admission of testimony of Lt. Sims of the Atlanta Fire Department concerning the records of calls received by the department during the period from January 30 through February 1, 1966. This testimony was admitted for the limited purpose of showing the condition of the weather during the period involved.

Plaintiff objected to admission of this testimony on the ground that the witness did not relate the conditions existing at the places to which the department was called on account of burst pipes and sprinkler systems, and thus did not show similarity with the conditions existing at the building in question. It appeared that at some of the places the pipes were simply water pipes in the yard, at others were pipes in buildings, sprinkler systems in buildings, etc. but the witness could not say whether heat was supplied to the buildings at the time, or what the conditions may have been.

If this evidence had been admitted generally for the purpose of making comparisons its admission would have been clear error. See *Portner Brewing Co. v. Cooper,* 116 Ga. 171 (2) (42 SE 408); *Dunn v. Beck,* 144 Ga. 148 (2) (86 SE 385); *Copeland v. Tyus & Prevatt,* 21 Ga. App. 485, 486 (94 SE 633); *Standard Paint &c. Works v. Powell,* 27 Ga. App. 691 (3) (109 SE 513); *Comer Co. v. Joyner,* 32 Ga. App. 661 (1) (124 SE 356); *Sammons v. Webb,* 86 Ga. App. 382 (6) (71 SE2d 832); *McBrayer v. Ballenger,* 94 Ga. App. 620, 623 (95 SE2d 718); *State Hwy. Dept. v. Howard,* 119 Ga. App. 298 (3) (167 SE2d 177); *Smith v. Nelson,* 123 Ga. App. 712 (3) (182 SE2d 332); *Carlton Co. v. Poss,* 124 Ga. App. 154 (3) (183 SE2d 231).

But since, in admitting the evidence the judge specifically stated and instructed the jury that it was for the sole purpose of showing the status of the weather in Atlanta during the period involved, the evidence was relevant for that purpose and we must assume that the jury gave it no other consideration.

(b) It is urged that since there was a stipulation as to the status of the weather and direct proof of it by the records

of the United States Weather Bureau for the period involved, the circumstantial evidence should have been repelled. There is authority that where direct proof of a fact is made, circumstantial evidence of the fact should be excluded, particularly if it is of a nature calculated to be prejudicial in other respects. See 29 AmJur2d, Evidence, § 264. This is in keeping with the general principle that where there is higher or better evidence, it, rather than secondary evidence, should be produced. It is a close question here, but we conclude that even if there was error in this respect, the error was harmless in view of the specific limitation of the purpose for which the evidence was allowed.

■ For the same reason we find no reversible error in the admission of the Fire Department records themselves.

Appellant urges, additionally, that these should not have been admitted because they were used by the witness Sims as memoranda for refreshing his memory, and that when a party uses the memoranda to refresh his witness' memory he may not introduce the memoranda to bolster the witness's testimony. This position is sound, and if that were the purpose of the evidence its admission would be error. But this evidence was introduced as business records under *Code Ann.* § 38-711. The records appear to qualify as such under the testimony of Lt. Sims. Consequently, the memoranda were admissible without any consideration of Lt. Sims' testimony (other than the qualifying facts—that they were regularly kept and made in the course of the department's operations, at or about the time of the event, and under his supervision). It may fall into the category of "doubtful evidence" but we are inclined to agree with the ruling made in *Albany Phosphate Co. v. Hugger Bros.,* 4 Ga. App. 771, 781 (62 SE 533), where the weather and weather records during a particular interval were in question, as here, and hold that in this situation reversible error is not shown.

■ Robley Hats contended that as to the portions of the building which it occupied, a flow of heat was provided and maintained at substantially constant levels commensurate

with the weather requirements, except that on this occasion when the temperature suddenly and unexpectedly dropped to unusually low levels the heat proved to be insufficient. Its bills from the supplier, Georgia Power Company, for a period of time extending for some four months prior to the occasion and until about two months afterward, were tendered and admitted. Some, but not all, of the heating bills were objected to, on the ground that all of the bills, save the two to which there was no objection, were for periods too remote from the time interval here involved and thus had no probative value. We do not agree. If no bills were offered save those involving the period in question the jury would have had nothing by which to make a comparison to determine whether there had been a constant heat flow to the building.

A new ground now urged as to the admissibility, but not urged before the trial court—that the bills having been used for refreshing the memory of defendant's witness, Gerson, could not be placed in evidence by it—presents nothing for review. Only objections urged before the trial court may become the subject of our review. *House v. State,* 227 Ga. 257 (181 SE2d 31).

■ Mr. Warneke, a witness for the plaintiff, was asked about a telephone conversation that he had with Mr. Hanson, a plumbing superintendent who testified for the defendant, concerning the condition of the premises. It was objected to on the ground that Warneke admitted that he did not know Mr. Hanson, had never talked to him before, could not identify his voice and that he only knew that he made a telephone call to the place where Hanson worked, asked for him, and that the person on the other end said that he was Hanson. The objection was sustained and Warneke was not permitted to testify concerning the conversation. There was no error. *Stewart v. Fisher,* 18 Ga. App. 519 (3) (89 SE 1052). It is true that evidence relative to telephone conversations may be admitted if the circumstances in connection therewith are sufficiently shown to establish reliability, as where one orders merchandise and it is sent

(*Ayers v. John B. Daniel Co.,* 35 Ga. App. 511, 514 (133 SE 878)), but that was not the case here.

Warneke had taped the conversation, and the tape was placed in the files of the insurance company where they had remained for many months, available to a number of people who worked in the office. He had heard the tape played and the conversation, as he recalled it, had been correctly recorded. It had been transcribed and Warneke identified the transcription as being correct. The tape was offered, but repelled upon objection that there had been no showing of compliance with the standards required by law, as delineated in *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207 (3) (88 SE2d 167).

Hanson testified that he had no recollection of the conversation. Counsel then sought to have him listen to the playing of the tape and he refused. The court refused to compel him to do so, observing that this would probably invade his constitutional rights.

While it is our view that, in keeping with the long-established policy to admit evidence even when its admissibility is doubtful, the playing of the tape should have been permitted, we cannot say that, in the light of *Edgar* standards it was error to refuse to permit it. We find no problem relative to possible tampering. As was observed in *Interstate Life &c. Ins. Co. v. Whitlock,* 112 Ga. App. 212, 225 (144 SE2d 532), "the practicalities of proof do not require such party to negative all possibility of substitution or tampering. He need only to establish that it is reasonably certain that substitution, alteration, or tampering did not occur. . . In such circumstances it was proper for the trial judge to admit the evidence and let what doubt, if any, regarding its identity, go to its weight."

The standards of *Edgar* might have been met here simply by obtaining from the court permission for an opportunity for Warneke to hear Hanson speak. If, upon hearing his voice, he could say that it was the same voice recorded on the tape, the tape would become admissible and could have been played to the jury. But no effort was made to do this.

■ We find no error in the charge relative to intervening cause.

*Judgment affirmed. Jordan, P. J., and Hall, P. J., concur. Whitman, J., not participating.*