26848.   TYSON v. TYSON.

Submitted November 8, 1971—Decided December 1, 1971.

*Trotter & Duncan, William P. Trotter, Allen, Edenfield, Brown & Franklin, Francis W. Allen,* for appellant.

*Sims & Lewis, James R. Lewis,* for appellee.

Mobley, Presiding Justice. This appeal is from an order of the Troup Superior Court denying and dismissing the father's petition seeking a change of custody of his 9-year-old son, Phillip Tyson, from the mother to him.

In a divorce and alimony proceeding brought in Bulloch Superior Court by Marjorie Lamb Tyson against Ralph K. Tyson the court entered judgment on December 4, 1970, awarding the wife a divorce, alimony, and custody of their 9-year-old son, and giving custody of the two older boys, who were over 14 years of age and asked to live with their father, to the father. The father was given visitation rights as to the child whose custody was given to the mother, which included having the child every other weekend. The mother was living in LaGrange, Georgia, where she was teaching school, and the father brought the child back and forth from LaGrange on the weekends, a distance of 500 miles.

On June 3, 1971, six months after custody of the child was awarded to the mother, the father filed his petition for change of custody, alleging a substantial change in the condition of the child mentally and physically.

"In a hearing seeking a change of custody of children awarded one parent in a divorce decree the judgment of the trial court leaving the children in the custody of the parent who had previously been given custody will not be disturbed unless the evidence demands a finding requiring that custody be changed." *Wheless v. Wheless,* 225 Ga. 478 (3) (169 SE2d 813). See also *Wills v. Glunts,* 222 Ga. 122 (149 SE2d 106); *Hobby v. Eubanks,* 224 Ga. 51 (2) (159 SE2d 701).

We have carefully reviewed this evidence and are of the

opinion that it did not demand a change ___ ___stody.

In January, 1971, after the custody award on December 4, 1970, the father, a member of the faculty of Georgia Southern College at Statesboro, began procuring information as to the physical and mental condition of the child. He took him for "evaluation" to Dr. Pat E. Maffeo, associate professor of psychology at Mercer University, on January 15, March 6, and in July, 1971; to Dr. Bernard C. Murdock, a professor of psychology at Wesleyan College in Macon, on the next day after visits to Dr. Maffeo; and to Dr. Henry A. Brandt, a practicing psychiatrist and neurologist in Savannah, in February, March, and July. They all found that the child had problems, some of which existed prior to the separation of his parents.

All the witnesses agreed that the separation of the parents was a traumatic experience for the child. The mother testified that the boy had begun to retrogress after about two months; that this was attributable in part to the 500-mile trip every two weeks to Statesboro and return, and that after he was at home a day or two he would become normal again.

The court was authorized to conclude that the traumatic experience of being separated from his father and his brothers, the long, tiring trips to Statesboro and return to LaGrange, and the adjustment to new surroundings had affected the child, and that he had not had a fair opportunity to adjust to the situation in six months.

The mother at the time of the hearing was living in Okmulgee, Oklahoma, with her husband, whom she had recently married. The child will live with her and her husband at her new home.

Judge Knight, after hearing the evidence and reading the depositions of Dr. Maffeo and Dr. Murdock, found: "After considering the evidence, the court is of the opinion that the evidence produced by the plaintiff [father] does not show a substantial change in conditions affecting the welfare of the minor child, Phillip Tyson, occurring since the date of the divorce decree awarded by Bulloch Superior

Court on December 4, 1970"; and sustained the motion to dismiss the father's petition.

The dismissal of the petition is treated as a denial of a change of custody.

*Judgment affirmed. All the Justices concur.*