## 28339. BAKER v. SMILEY.

JORDAN, Justice. This is an appeal from an order of the trial court changing custody of a minor child from the appellant-mother to the appellee-father upon a finding of a substantial change in conditions.

Appellant and appellee, formerly husband and wife, were divorced on November 4, 1966, in Liberty County, Georgia, at which time the appellant was awarded custody of the unborn child of that marriage. Subsequent to the divorce and the birth of the child, the appellant moved to Virginia and later to Oregon. According to the appellee he did not know her address for about two years. During this time the appellant, while unmarried, gave birth to twin girls whom she gave out for adoption. In July, 1970, while caring for her ill mother in Oregon, the appellant left the child here involved with a cousin who lived in Los Angeles, California. The appellant married again on December 26, 1970, and moved to Fort Worth, Texas to live. After an exchange of correspondence between the Liberty County Department of

Family and Children's Services and the California Department of Family and Children's Services, an arrangement was made whereby the appellee-husband went to California on January 23, 1971, took custody of the minor child, and returned her to his home in Liberty County, Georgia.

On July 28, 1972, the appellant filed her petition for habeas corpus in Liberty County Superior Court seeking custody of the child. The appellee answered and counterclaimed on the basis that there had been a substantial change in conditions since the divorce decree and prayed that he be awarded custody of the child and be relieved of child support payments provided for in the divorce decree. After an extensive hearing the trial court found that there had been a substantial change in conditions which affected the welfare of the child and awarded custody to the father with visitation rights in the mother. The appellant-mother appeals from this order. *Held:*

1. The trial court did not err in admitting into evidence certain records of the Department of Family and Children's Services of Liberty County under the business records statute. Code Ann. § 38-711; *Tidwell Co. v. Robley Hats,* 125 Ga. App. 102 (3a) (186 SE2d 489); *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 378 (100 SE2d 142). Neither did the trial court err in allowing the Director of the Liberty County Department of Family and Children's Services to testify as to the details of an investigation made by her of the home surroundings and environment of the appellee-father.

2. We have carefully reviewed the entire record in this case and find ample evidence to support the judgment of the trial court. This court has held many times in a proceeding involving a contest between parents over the custody of minor children that the award made by the trial judge, if based upon evidence, and in the exercise of a sound discretion, will not be controlled by this court. *Good v. Good,* 205 Ga. 112 (52 SE2d 610); *Bodrey v. Bodrey,* 224 Ga. 348 (161 SE2d 864); *Mallette v. Mallette,* 220 Ga. 401 (139 SE2d 322); *Brown v. Brown,* 231 Ga. 195, and many other cases.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED OCTOBER 10, 1973 — DECIDED OCTOBER 26, 1973.

*Albert E. Butler,* for appellant.
*Richard Phillips,* for appellee.

GUNTER, Justice, dissenting. I dissent in this case on the ground

that the habeas corpus court did not have jurisdiction to entertain the appellee's counterclaim asserting a change of condition after the rendition of a divorce decree awarding custody of the child to the appellant. See my dissenting opinion in *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210), and my concurring opinion in *Moss v. Buhrman,* 231 Ga. 288.

I maintain that the habeas corpus court in this case was bound by the divorce decree which awarded custody of the child to the appellant, and that a judgment awarding possession of the child to the appellant was demanded.

I am authorized to state that Justice Ingram concurs in this dissent.