## 49437. HOWE v. PRICE et al.

CLARK, Judge.

Did the contract here create an independent contractor relationship? Or is there in fact a master-servant situation because of a right to control the time, manner, and method of executing the work thereunder? Our task in seeking the answers is simplified because the American Family Life Assurance Company, co-defendant appellee, is the same party which was involved with the identical contract as was passed on by this court in *American Family Life Assur. Co. v. Welch,* 120 Ga. App. 334 (170 SE2d 703).

Plaintiff Howe had a fisticuffs altercation with co-defendant appellee Price, the latter having a contract with American Family Life Assurance Company in which he was designated as its Metro Atlanta Regional Manager. Alleging Price to have been within the scope of his employment, Howe brought an assault tort suit, naming both Price and the insurance company as co-defendants. Relying upon the decision in the *Welch* case supplemented by its vice-president's affidavit, the American Family Life Assurance Company sought a summary judgment in its behalf. After the trial court granted the company's motion the plaintiff brought this appeal.

1. In the *Welch* case our court said at page 338 that "The contract shows clearly on its face that it does not give the employer the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity with the contract; nor did the contract reserve the right of control."

Plaintiff appellant argues that the *Welch* ruling does not support the defendant company's position because in the case at bar Price entered into a supplemental regional manager's contract with the company which provided in part: "The service commissions and application bonus advances shall be allowed only so long as: . . . the regional manager services the company business *as directed by the company.*" (Emphasis supplied). This contention is without merit. The

representative in *Welch,* although not a regional manager, was a general agent of the company, and as such, his agent's contract was likewise supplemented. There the supplemental language read: " 'The service commissions and application bonus shall be allowed only so long as . . . the (general agent) services the company business as directed by the company.' " Id. p. 337. Thus, that language which plaintiff relies upon as demonstrating company control was also present in the *Welch* case wherein the identical contract was ruled to establish an independent contractor relationship.

The trial court did not err in granting the motion for summary judgment by the co-defendant insurance company.

2. Plaintiff's other ground of appeal is not supported by either argument or citation of authority in his brief and is deemed abandoned. *Caroline Realty &c. Inc. v. Kuniansky,* 127 Ga. App. 478, 480 (2) (194 SE2d 291); *Locklear v. State,* 131 Ga. App. 536, 537 (3) (206 SE2d 527).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 28, 1974 — DECIDED OCTOBER 4, 1974.

*White & Jewett, C. Lawrence Jewett,* for appellant.
*VanGerpen & Bovis, Earl J. VanGerpen, John V. Burch,* for appellees.