57911. BOLTON ROAD MEDICAL CENTER et al. v. CITIZENS & SOUTHERN NATIONAL BANK et al.
57912. ABERNATHY et al. v. CITIZENS & SOUTHERN NATIONAL BANK et al.
57913. NABB et al. v. CITIZENS & SOUTHERN NATIONAL BANK et al.
57914. LEWIS v. CITIZENS & SOUTHERN NATIONAL BANK et al.

BANKE, Judge.

The appellants appeal from judgments entered in favor of the appellee on several special interrogatory jury verdicts. Their primary contention is that the trial court allowed the jury to deliberate for an excessive length of time.

The trial lasted two weeks. The jury retired to

deliberate on Saturday afternoon at 4:28 p.m. It announced its verdicts on the following Sunday morning at 2:12 a.m.; however, an error was discovered in the form of one of the verdicts (pertaining to appellant Lewis); and consequently at 2:40 a.m. the jury was sent out for more deliberations to correct the error. This was done at the urging of counsel for appellant Lewis. At approximately 4 a.m. one of the jurors collapsed. The deliberations were thereupon recessed until Monday morning.

The appellants do not contend that the jurors were forced to deliberate against their will. In fact, the trial court instructed them that the decision as to how long to deliberate and when to recess was theirs. It is the appellants' contention, however, that in doing so the judge erred because he failed to exercise his discretion to control the proceedings in his court. *Held:*

1. The appellants did not object to the length of the delay, nor did they move for a mistrial, until *after* the verdict was rendered. It is so well settled as to be axiomatic that a party cannot ignore what he considers to be an injustice during the trial of the case in hopes of obtaining a favorable verdict and then enumerate that alleged injustice as error on appeal when the verdict proves to be adverse to him. See *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951); *Maloy v. Dixon,* 127 Ga. App. 151, 163 (193 SE2d 19) (1972); *Camp v. Fidelity Bankers Life Ins. Co.,* 129 Ga. App. 590 (2) (200 SE2d 332) (1973). It is also well settled as a general rule that the trial judge has the discretion to permit the jury to deliberate into the early morning hours. *McBrayer v. Ballenger,* 94 Ga. App. 620 (8) (95 SE2d 718) (1956); *American Family Life Assur. Co. v. Welch,* 120 Ga. App. 334, 341-342 (170 SE2d 703) (1969); *Simpkins v. State,* 149 Ga. App. 763 (4) (1979). This enumeration of error is without merit.

2. The appellants allege that the trial court also erred in refusing to grant a mistrial based on an alleged conflict of interest on the part of one of the appellee's attorneys. They contend that the attorney had represented appellant Bolton Road Hospital in previous matters and that he thereby became privy to certain unspecified confidences of the hospital. Again, the motion for mistrial was not made until after the jury had returned

its verdicts.

"There is no rule of law or of ethics which prevents an attorney from taking employment in a case merely because he has previously represented . . . an opposite party to the case, provided the cases are not related to each other in some substantial respect." *Tilley v. King,* 190 Ga. 421, 424 (9 SE2d 670) (1940). The only evidence offered in support of the allegation that the attorney had previously represented the hospital was a copy of an answer which he filed for that appellant in 1975 in defense of a suit to collect an indebtedness. Although this certainly established that the attorney had represented the hospital in that case, there is no indication that that suit was in any way related to the litigation before us now, nor is there any evidence to support the allegation that the attorney became privy to any of the hospital's confidences. "The burden of showing harmful error is on the appellant, and this must be done by the record; it may not be done in an enumeration of error or by assertions appearing only in a brief. [Cit.]" *Continental Nut Co. v. Savannah Bank & Trust Co.,* 142 Ga. App. 509, 513 (236 SE2d 501) (1977). This enumeration of error is also without merit.

3. Appellant Lewis contends that the court erred in failing to grant a mistrial when, prior to the time a final verdict was reached in his case but after a verdict had been reached in the other cases, the court engaged in a conversation with a representative of the appellee in the presence of the jury. The court denied that such a conversation had taken place, and there is nothing in the record or transcript to show that it did. Accordingly, no error has been established. See *Continental Nut Co. v. Savannah Bank & Trust Co.,* 142 Ga. App. 509, supra.

*Judgments affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JUNE 13, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 26, 1979 —

*R. M. Bernhardt,* for appellants (Case Nos. 57911, 57912, 57913).

*R. M. Bernhardt, M. Cook Barwick,* for appellant

(Case No. 57914).
*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, R. Douglas Wright, Michael T. Turner, A. Stuart Campbell, Barwick, Bentley, Hayes & Karesh, M. Cook Barwick, Tom McHugh,* for appellees.